THE TAYLORVILLE SANITARY DISTRICT, Appellee, vs.
WILLIAM WINSLOW, Appellant.

*Opinion filed April 24, 1925.*

1. CONSTITUTIONAL LAW—*legislature may exercise any power
not prohibited.* The constitution is not to be regarded as a grant
of power to the legislative department but rather as a limitation
upon its power, and every subject within the scope of civil govern-
ment which is not withdrawn from the authority of the legislature
may be acted upon by it.

2. SAME—*powers which the legislature may confer on munici-
pal corporations are not limited to existing corporations.* Powers
which the constitution declares may be conferred for corporate
purposes upon cities, towns, villages, school districts or other mu-
nicipal corporations are not by implication excluded from other
municipal corporations the legislature may create at a later date.

3. SAME—*police power for preservation of health may be con-
ferred on municipal corporations.* The General Assembly may,
either by direct enactment or by delegation of power to public cor-
porations, provide for the preservation of health as a proper ex-
ercise of the police power.

4. SANITARY DISTRICTS—*what functions are included in police
power for preservation of health.* Within the police power for
the preservation of health, which power may be exercised or dele-
gated by the legislature, are to be included the making of sewers
and drains, the removal of garbage and filth, the boring of wells,
the construction of aqueducts for procuring a fresh water supply,
the drainage of malarial swamps and the erection of levees to pre-
vent overflow.

5. SAME—*section 19 of act of 1917, conferring authority to con-
struct local improvements by assessments, is valid.* Section 19 of
the Sanitary District and Sewage Disposal act of 1917 as amended,
which provides that the board of trustees shall have power to pro-
ceed with the construction of local improvements by the levy of
special assessments, as provided in the Local Improvement act,
does not violate section 9 of article 9 or section 31 of article 4
of the constitution but is a proper delegation of authority in the
exercise of the police power for the preservation of health.

APPEAL from the County Court of Christian county;
the Hon. C. J. VOGELSANG, Judge, presiding.

W. S. GREER, for appellant.

H. B. HERSHEY, and J. E. HOGAN, for appellee.

Mr. JUSTICE STONE delivered the opinion of the court:

The question involved in this case is whether a sanitary district organized under and by virtue of an act entitled "An act to create sanitary districts and to provide for sewage disposal," approved June 22, 1917, in force July 1, 1917, has authority to construct a local improvement by special assessment, as provided by section 19 of the act as amended in 1923. (Laws of 1923, p. 340.) The Taylorville Sanitary District is composed of territory partly within and partly without the city of Taylorville. On August 6, 1924, the board of trustees of that district passed an ordinance providing for the construction of a combined stormwater and sanitary sewer, to be laid in Pine street, in the city of Taylorville, for a distance of 670 feet. The ordinance provided for the levy of a special assessment against certain property, among which are the lots owned by appellant in this case. Appellant filed objections to the confirmation of the assessment. His objections were overruled and judgment was entered confirming the assessment. He brings the case here for review.

This ordinance was passed under the authority granted to sanitary districts by section 19 of the Sanitary District and Sewage Disposal act of 1917 as amended. That section is as follows: "The board of trustees shall have the power to build and construct and to defray the costs and expenses of the construction of drains, sewers or laterals, or drains and sewers and laterals, and other necessary adjuncts thereto, including pumps and pumping stations, made by it in the execution or in furtherance of the powers heretofore granted to such sanitary district by special assessment or by general taxation, or partly by special assessment and partly by general taxation, as they shall by ordinance

prescribe.   It shall constitute no objection to any special assessment that the improvement for which the same is levied is partly outside the limits of such sanitary district, but no special assessments shall be made upon property situated outside of such sanitary district, and in no case shall any property be assessed more than it will be benefited by the improvement for which the assessment is levied.   The proceedings for making, levying, collecting and enforcing of any special assessment levied hereunder, the letting of contracts, performance of the work and all other matters pertaining to the construction and making of the improvement shall be the same as nearly as may be as is prescribed in an act entitled 'An act concerning local improvements,' approved June 14, 1897, and amendments thereto.   Whenever in said act the words 'city council' or the words 'board of local improvements' are used the same shall apply to the board of trustees constituted by this act, and the word 'mayor' or 'president of the board of local improvements' shall apply to the president of the board of trustees constituted by this act, and the words applying to the city or its officers in that act shall be held to apply to the district created under this act and its officers."   Appellant challenges the right of this district to levy a special assessment on the ground that section 19 is unconstitutional.

At the outset of the consideration of the constitutional question involved in this case it will be remembered that it has been frequently stated by this court that the constitution of the State is not to be regarded as a grant of power to the legislative department but rather as a limitation upon its power.   All legislative power is vested in the General Assembly, subject to the restrictions contained in the constitution.   Every subject within the scope of civil government which is not withdrawn from the authority of the legislature may be acted upon by it.   *Sawyer* v. *City of Alton,* 3 Scam. 127;   *People* v. *Salomon,* 51 Ill. 37;   *Ruggles* v. *People,* 91 id. 256;   *Harris* v. *Board of Supervisors,*

105 id. 445; *Wilson* v. *Board of Trustees,* 133 id. 443; *Marshall* v. *Upper Cache Drainage District,* 313 id. 11.

Coming, then, to the question as to what, if any, limitations have been placed by the constitution upon the right of the legislature to authorize sanitary districts such as the one involved here to construct local improvements and pay for the same by special assessments, as provided by section 19 of the act, counsel for appellant contends that section 9 of article 9 and section 31 of article 4 of the constitution prohibit the delegation of such power to sanitary districts organized under the act in question; that while the latter section authorizes the General Assembly to permit the owners of lands to construct drains, ditches and levees for agricultural, sanitary and mining purposes, and to pay for the same by special assessment upon the property benefited, that section cannot be held to apply to a district organized for sanitary and sewage disposal purposes.

Section 9 of article 9 of the constitution is as follows: "The General Assembly may vest the corporate authorities of cities, towns and villages with power to make local improvements by special assessment, or by special taxation of contiguous property, or otherwise. For all other corporate purposes, all municipal corporations may be vested with authority to assess and collect taxes; but such taxes shall be uniform in respect to persons and property, within the jurisdiction of the body imposing the same."

Section 31 of article 4 of the constitution provides as follows: "The General Assembly may pass laws permitting the owners of land to construct drains, ditches and levees for agricultural, sanitary or mining purposes, across the lands of others, and provide for the organization of drainage districts and vest the corporate authorities thereof, with power to construct and maintain levees, drains and ditches and to keep in repair all drains, ditches and levees heretofore constructed under the laws of this State, by special assessments upon the property benefited thereby."

Section 1 of the act concerning sanitary districts referred to, provides, in part, as follows: "That whenever any area of contiguous territory shall contain one or more incorporated cities, towns or villages or parts of one or more incorporated cities, towns or villages, and shall be so situated that the construction and maintenance of a plant or plants for the purification and treatment of sewage and the maintenance of a common outlet for the drainage thereof, will conduce to the preservation of the public health, the same may be incorporated as a sanitary district under this act in the manner following:" This section also provides the manner by which legal voters residing within the limits of the proposed district may, by a petition to the county judge of the county in which the proposed district or the major portion thereof is located, cause the matter of the organization of such district to be submitted to a vote of the people of such territory. The act also provides for the appointment of trustees and prescribes their powers. By section 4 of the act the trustees, when appointed, are declared to be the corporate authorities of such district, empowered to manage and control all of the affairs of the district. The act also provides for the passage and publication of ordinances by the trustees of the district. Section 7 provides for sewage disposal. By section 8 the district is given power to acquire land by purchase, condemnation or otherwise. Section 12 gives power to the board of trustees to levy and collect taxes for corporate purposes within the limits of the district, and section 19, as we have seen, authorizes the construction of local improvements by special assessment.

Appellant contends that the powers conferred by section 9 of article 9 upon the legislature to make local improvements by special assessment is to be limited to the corporate authorities of cities, towns and villages, and that even though the authorities of this sanitary district be held to be corporate authorities they are not within the list of

municipalities that may receive that power, and that under the ruling of this court in *Updike* v. *Wright,* 81 Ill. 49, the enumeration of the corporate authorities of cities, villages and towns by this section excludes from the power of the legislature all other corporate authorities, including those of sanitary districts. It was later held, however, in *West Chicago Park Comrs.* v. *Western Union Telegraph Co.* 103 Ill. 33, that a park district is a *quasi* municipal corporation and the commissioners thereof are corporate authorities, with power to levy and assess taxes and to condemn property. This case referred to the *Updike case* and distinguished it from those cases in which the powers of park commissioners as corporate authorities were discussed.

In *People* v. *Salomon, supra,* in discussing the application of section 5 of article 9 of the constitution of 1848, which was similar to section 9 of article 9 of the constitution of 1870 so far as the corporations enumerated are concerned, it was said that this constitutional provision is a limitation upon the power of the legislature to authorize any other than corporate authorities to assess and collect taxes, but that it does not confine the legislature to any particular type of corporate authorities; that there is no prohibition against the creation by the legislature of every conceivable description of corporate authorities, and, when the same are created, to endow them with all the faculties and attributes of corporate authorities then existing. In *West Chicago Park Comrs.* v. *City of Chicago,* 152 Ill. 392, this court held park districts to be municipal corporations. It has since been frequently held that an act giving to park commissioners authority to make local improvements by special assessments is constitutional. *West Chicago Park Comrs.* v. *Sweet,* 167 Ill. 326; *Farr* v. *West Chicago Park Comrs.* 167 id. 355; *West Chicago Park Comrs.* v. *Farber,* 171 id. 146; *Cummings & Co.* v. *People,* 213 id. 443.

It is not urged that there is express denial in the constitution of the power of the General Assembly to authorize

the levy of a special assessment by sanitary districts, but the contention is that the language of the constitution by necessary implication denies such power. It will not be found, upon examination of the constitution, that governments of cities, towns, villages, school districts or other municipal corporations contemplated therein, are given any powers which by necessary implication exclude the powers sought to be exercised by the sanitary district in this case. There is nothing in the constitution which commits corporate purposes or powers merely to authorities now existing or prohibits the committal of such powers or purposes to new corporate authorities later to be organized. *People* v. *Salomon, supra.*

Public corporations for the opening, improving and repairing of roads and maintaining of bridges have been created by the legislature and invested with powers of taxation for corporate purposes. Such acts have been sustained though the boundaries of the road districts do not coincide with the boundaries of other municipalities. (*Butz* v. *Kerr,* 123 Ill. 659.) In *Wilson* v. *Board of Trustees, supra,* the taxing power of the Chicago Sanitary District, which is made up of territory comprising parts of different municipalities, was sustained as within the legislative power. Similar organizations have been likewise sustained by the courts of other States. *Reeves* v. *Treasurer of Wood County,* 8 Ohio St. 332; *Wood* v. *Fisher,* 17 Barb. *224; Donley* v. *Decker,* 58 Wis. 461; Cooley on Taxation, (1st ed.) 101.

The General Assembly may, either by direct enactment or by delegation of power to public corporations, provide for the preservation of health as a proper exercise of the police power. (1 Blackstone's Com.—Sharswood's ed.— 132; Dillon on Mun. Corp. sec. 93; Cooley on Taxation,— 1st ed.—p. 101.) There is to be included under this power the making of sewers and drains, the removal of garbage and filth, the boring of wells, the construction of aqueducts for procuring a fresh water supply, the drainage of mala-

rial swamps and the erection of levees to prevent overflow. (*Wilson* v. *Board of Trustees, supra.*) It is within such classification that the district in question falls, and we are of the opinion that there is no limitation in section 9 of article 9 of the constitution upon the power of the legislature to provide for such districts and to empower them to construct local improvements by special assessment within the purposes for which they are organized.

Nor can it be said that section 31 of article 4 of the constitution, as the same was amended in 1878, is a restriction upon the legislature preventing the authorization of sanitary districts to construct local improvements by special assessment. It was said by this court in *Wilson* v. *Board of Trustees, supra,* that the amendment of section 31 of article 4 was adopted to invest the General Assembly with power to authorize the formation of drainage districts and invest their corporate authorities with power to make drains, levees, etc., by special assessment, and it therefore operated as an amendment of section 9 of article 9, so that the latter must be read as vesting corporate authorities of cities, towns, villages and drainage districts with power to make local improvements by special assessments, and that the power to authorize the formation of sanitary districts and to authorize them to collect taxes for corporate purposes is entirely unaffected.

We are of the opinion that the power of the legislature to create sanitary and sewage disposal districts and to authorize such districts to construct local improvements by special assessment is a valid exercise of the police power of the State and is not prohibited by the sections of the constitution referred to.

The judgment of the county court confirming the assessment will therefore be affirmed.    *Judgment affirmed.*