(No. 31411.—

THE PEOPLE OF THE STATE OF ILLINOIS, Defendant in Error, *vs.* FRANK DALE, Plaintiff in Error.

*Opinion filed May 18, 1950.*

FERLIC & GANNON, of Chicago, (CHARLES A. BELLOWS, of counsel,) for plaintiff in error.

IVAN A. ELLIOTT, Attorney General, of Springfield, (WILLIAM C. WINES, RAYMOND S. SARNOW, and JAMES C. MURRAY, all of Chicago, of counsel,) for the People.

HAROLD A. SMITH, and ALBERT E. JENNER, JR., both of Chicago, (JOHN PAUL STEVENS, CALVIN P. SAWYIER, and EDWARD I. ROTHSCHILD, of counsel,) for *amici curiae*.

Mr. JUSTICE SIMPSON delivered the opinion of the court:

This case, here on writ of error, involves the validity of the Post-Conviction Act which the criminal court of Cook County held unconstitutional. Frank Dale, plaintiff in error, was convicted in that court August 22, 1933, under the Habitual Criminal Act and sentenced to the Illinois State Penitentiary for his natural life. Alleging that he had been deprived of due process of law in the prior proceeding, he filed a petition September 6, 1949, seeking relief under the act entitled: "AN ACT to provide a remedy for persons convicted and imprisoned in the penitentiary, who assert that rights guaranteed to them by the Constitution of the United States or the State of Illinois, or both, have been denied or violated, in proceedings in which they

were convicted. Approved Aug. 4, 1949." Ill. Rev. Stat., 1949, chap. 38, pars. 826-832.

The People moved that the petition be stricken and the proceedings dismissed on the grounds that the statute upon which the petition was based is contrary to the State constitution, which invests the Supreme Court of Illinois with final appellate jurisdiction and which forbids the legislature from adopting class legislation, *i.e.,* legislation which allows appeal to one prisoner and not to another; that said constitution precludes the lower court from exercising jurisdiction to review questions that have been, or could have been, raised upon a prior review of the case by the Supreme Court of Illinois, and for the further reason that said statute violates article III of the State constitution, which provides for separation of the powers of the legislative, executive and judicial departments. The motion contained the further ground that the petition was insufficient in law, in that the matters and things alleged did not present a violation of plaintiff in error's constitutional rights.

The court sustained the motion to dismiss and dismissed the petition for the reason that the statute under which it was brought is unconstitutional, and did not pass upon the sufficiency of the allegations in the petition. The act in question being short, we set it out in full:

"§ 1. Any person imprisoned in the penitentiary who asserts that in the proceedings which resulted in his conviction there was a substantial denial of his rights under the Constitution of the United States or of the State of Illinois or both may institute a proceeding under this Act. The proceeding shall be commenced by filing with the clerk of the court in which the conviction took place a petition (together with a copy thereof) verified by affidavit. Petitioner shall also serve another copy upon the state's attorney by any of the methods provided in Rule 7 of the supreme court. The clerk shall docket the petition upon his receipt

thereof and bring the same promptly to the attention of the court. No proceeding under this Act shall be commenced more than five years after rendition of final judgment, or more than three years after the effective date of this act, whichever is later, unless the petitioner alleges facts showing that the delay was not due to his culpable negligence.

"§ 2. The petition shall identify the proceeding in which the petitioner was convicted, give the date of the rendition of the final judgment complained of, and shall clearly set forth the respects in which petitioner's constitutional rights were violated. The petition shall have attached thereto affidavits, records, or other evidence supporting its allegations or shall state why the same are not attached. The petition shall identify any previous proceedings that the petitioner may have taken to secure relief from his conviction. Argument and citations and discussion of authorities shall be omitted from the petition.

"§ 3. Any claim of substantial denial of constitutional rights not raised in the original or an amended petition is waived.

"§ 4. If the petition alleges that the petitioner is unable to pay the costs of the proceeding, the court may order that the petitioner be permitted to proceed as a poor person. If the petitioner is without counsel and alleges that he is without means to procure counsel, he shall state whether or not he wishes counsel to be appointed to represent him. If appointment of counsel is so requested, the court shall appoint counsel if satisfied that the petitioner has no means to procure counsel.

"§ 5. Within thirty days after the filing and docketing of the petition, or within such further time as the court may fix, the State shall answer or move to dismiss. No other or further pleadings shall be filed except as the court may order on its own motion or on that of either party. The court may in its discretion grant leave, at any stage of the pro-

ceeding prior to entry of judgment, to withdraw the petition. The court may in its discretion make such orders as to amendment of the petition or any other pleading, or as to pleading over, or filing further pleadings, or extending the time of filing any pleading other than the original petition, as shall be appropriate, just and reasonable and as is generally provided in Rule 8 of the supreme court and section 46 of the Civil Practice Act.

"§ 6. The court may receive proof by affidavits, depositions, oral testimony, or other evidence. In its discretion the court may order the petitioner brought before the court for the hearing. If the court finds in favor of the petitioner, it shall enter an appropriate order with respect to the judgment or sentence in the former proceedings and such supplementary orders as to rearraignment, retrial, custody, bail or discharge as may be necessary and proper.

"§ 7. Any final judgment entered upon such a petition may be reviewed by the supreme court on writ of error brought within six months from the entry of the judgment."

As indicating lack of due process, plaintiff in error alleged that the trial court appointed counsel contrary to law; that counsel was incompetent; that he was denied due process by being compelled to go to trial immediately after the return of the indictment; that he was not permitted to summon witnesses to testify in his behalf; that the court lost jurisdiction and that he was denied due process generally.

The State's Attorney, to sustain his position that the act is unconstitutional, argues that present remedies in Illinois are adequate for presentation of post-conviction constitutional claims; that by the act in question the legislature has encroached upon the power of the judiciary by making it mandatory that a *nisi prius* court take jurisdiction of a previously adjudicated cause, whereas the constitution makes the power of the Supreme Court final; that a statute which requires a court to accept the opinion of an affiant

on a given matter is unconstitutional; that in its attempts to exercise power over trial courts and appellate practice the legislature is subject to the provisions of the constitution; that an act which attempts to bestow a remedy upon only certain persons in prison and deprived of their liberty is an unreasonable classification and therefore unconstitutional.

The Attorney General and the plaintiff in error both take the position that the act in question is constitutional. The Illinois State Bar Association and the Chicago Bar Association take the same position and have filed a brief herein as *amici curiae*. The Attorney General, however, urges that the judgment be affirmed because of the insufficiency of the petition filed in the lower court. Had that court held the petition insufficient, plaintiff in error doubtless would have been permitted to amend it in an attempt to obviate the charge leveled against it. The court not having passed upon the sufficiency of the petition, we will not now affirm the judgment on the ground urged.

It will be noted from a reading of the act that its purpose is to provide a single procedure by which persons within the class specified can obtain a hearing upon the question of whether they were denied due process of law. The act does not replace any of the three existing remedies of *habeas corpus,* statutory *coram nobis* or writ of error. The fact that those three remedies exist furnishes no reason or basis as to why the legislature could not properly provide another remedy if in its wisdom another were needed or desirable. The legislature does not look to the State constitution for its authority to act. It looks to that document and to the Federal constitution only for restrictions upon its power to act. (*Fenske Bros., Inc.* v. *Upholsterer's International Union,* 358 Ill. 239; *Nielsen* v. *City of Chicago,* 330 Ill. 301; *Taylorville Sanitary Dist.* v. *Winslow,* 317 Ill. 25.) Every subject within the scope of civil government which is not within some constitutional inhibition may

be acted upon by the General Assembly. *Taylorville Sanitary Dist.* v. *Winslow,* 317 Ill. 25; *Sutter* v. *People's Gas Light and Coke Co.,* 284 Ill. 634.

The question of the legality of the statute is therefore narrowed to an inquiry as to whether or not it contravenes any constitutional provisions. No specific constitutional restriction upon the power of the legislature to enact the statutory provision in question has been shown, and we know of none. The party who challenges the constitutionality of a legislative act has the burden of clearly showing wherein the act violates the constitution, as every presumption is in favor of the validity of the act. *Missouri Pacific Railroad Co.* v. *Commerce Com.,* 401 Ill. 241; *Fenske Bros. Inc.,* v. *Upholsterer's International Union,* 358 Ill. 239; *People ex rel. Longenecker* v. *Nelson,* 133 Ill. 565; *People ex rel. Meyer* v. *Hazelwood,* 116 Ill. 319.

The State's Attorney contends that the act does violence to article III of the Illinois constitution because it provides for rehearings and retrials on constitutional issues in causes finally adjudicated; invests power in a *nisi prius* court to set aside its own final judgments regardless of their antiquity, and the final judgments of the Supreme Court. We do not read such disturbing features into the act and it is not subject to the criticism directed against it in that regard. It merely provides a procedure by which the judiciary may determine whether or not constitutional rights have been impinged. Should this court, upon a proper record before it, pass upon any given constitutional question in a case, it is not likely the lower court would attempt to overrule or alter the decision. No such power in the lower court is afforded by the act.

The remedy provided for under the act cannot be employed to obtain another hearing upon claims of denial of constitutional rights as to which a full and final hearing on the merits has already been had. The State's Attorney presents *People ex rel. Stead* v. *Superior Court of Cook*

*County,* 234 Ill. 186, as authority for his statement that the act in question is unconstitutional because it provides for a rehearing of a case already determined. The effect of the holding in that case is that this court will quash a *habeas corpus* proceeding brought to review a judgment on the basis of mere error in a prior criminal proceeding wherein the error was, or should have been, presented and passed upon by this court. We said, on page 204 of the opinion, "The affirmance of a judgment of conviction by this court must, according to the law, be regarded by the judges of the circuit and superior courts as a final determination by this court; that there is in the record reviewed no error, and that the judgment is valid for aught that appears upon the record." The act in question does not authorize a hearing on alleged errors presented to and passed upon by the court in the original proceeding. The question of guilt or innocence of the petitioner will not be before the court on the post-conviction proceeding, but the inquiry will be limited to constitutional issues not previously adjudicated.

In *People* v. *Dabbs,* 372 Ill. 160, it was contended that the affirmance by this court of a judgment of conviction was a bar to any subsequent inquiry as to the prior proceedings by statutory *coram nobis.* It was there held that that proceeding was not an attack upon, or a review of, the prior judgment which had been affirmed by this court, but was a proceeding whereby facts might be presented which, had they been known to the court, would have prevented the judgment. The act in question does not provide for the means of refuting or disputing the original findings and judgment or the affirmance thereof, but it provides for a new proceeding to afford an inquiry into the constitutional integrity of the proceeding in which the judgment was entered. That such an opportunity must be afforded is settled. (*Young* v. *Ragen,* 337 U. S. 235.) Both State and Federal laws require a clear and adequate post-conviction remedy, (Illinois constitution, article II, section 2,

*Young* v. *Ragen,* 337 U. S. 235,) and the legislature, with that in mind, has provided such procedure. In so doing, it has exercised only the same power as was exercised when it enacted the *habeas corpus* and *coram nobis* statutes.

Further arguing, the State's Attorney says that the act is discriminatory in that it withholds the remedy from classes of persons imprisoned in jails, reformatories and similar institutions and therefore its classification is unreasonable. There is no doubt but that an unreasonable classification would contravene section 22 of article IV of the Illinois constitution. *Michigan Millers Mutual Fire Ins. Co.* v. *McDonough,* 358 Ill. 575; *People* v. *Callicott,* 322 Ill. 390.

Section 8 of article II of the same constitution provides that no person shall be subject to imprisonment in the penitentiary except upon indictment. Persons may, however, be imprisoned in other correctional institutions upon information or complaint. The framers of our constitution seem to have drawn a distinction between the classes mentioned for the purpose of creating additional procedural safeguards for those who are subject to imprisonment in the penitentiary. Persons convicted of felonies have a direct right to writ of error from this court while those convicted of misdemeanors in general do not have that right. Ill. Rev. Stat., 1949, chap. 38, par. 780½.

The legislature, by the act in question, no doubt intended to draw a distinction between convictions for minor offenses and those for serious crimes, and to make the remedy available only to persons actually being deprived of their liberty and not to persons who had served their sentences and who might wish to purge their records of past convictions. The distinction between minor offenses and serious crimes and the different methods of procedure for these two classes of offenders is recognized in this State as well as in other States. The words "persons imprisoned in the penitentiary" were no doubt intended to describe persons convicted of

serious crimes and imprisoned at the time of their invocation of the new procedure. The statute uses the generic term "penitentiary" and not the proper noun "Illinois State Penitentiary." Because the punishment for a man convicted of a felony is imprisonment in the penitentiary while the punishment for a woman convicted for the same offense is imprisonment in the State Reformatory for Women does not remove from the latter the stigma of serving a term in the penitentiary. The technical name of the institution in which a criminal is confined cannot affect his fundamental rights.

The State's Attorney construes the act as not applying to one convicted of murder who is awaiting execution in the Cook County jail. Such person would be within the class of serious offenders which the statute was designed to protect. He would be well within the spirit of the act if not within the letter thereof. A thing within the intention of an act is regarded as within the statute although not within the letter thereof. (*Bowman* v. *Indusrial Com.* 289 Ill. 126.) The court, if possible, must give a statute such a construction as will enable it to have effect. Whenever an act of the legislature can be so construed as to avoid conflict with the constitution and give it the force of law, such construction will be adopted by the courts. Laws are general and uniform when alike in their operation upon all persons in like situations. (*Jones* v. *Chicago, Rock Island and Pacific Railway Co.,* 231 Ill. 302.) In our opinion the classification challenged is a reasonable one and not subject to the criticism made against it.

One of the theories of the State's Attorney is that the act is ambiguous and uncertain in that the relief which may be granted thereunder is indefinite. That point, however, has not been argued and is therefore waived.

Finally, the State's Attorney says the act is unconstitutional because it requires a court to accept the opinion of an affiant on a given matter. He cites on this point

*Johnson* v. *Theodoron,* 324 Ill. 543. The affidavit in that case had to do with the continuance of a cause. The court held that the legislature does not have power to declare what shall be conclusive evidence of a fact, nor can it say that a court is bound to act in accordance with the opinion of a party to a suit or of his attorney expressed in the form of an affidavit. The act in question merely provides that the court "may receive proof by affidavits, depositions, oral testimony, or other evidence." (Ill. Rev. Stat. 1949, chap. 38, par. 831.) The act does not attempt to define what shall be conclusive evidence of a fact but leaves the court free to receive proof by any of the various methods above enumerated.

It is common knowledge that the problem of determining what remedies were available, under varying circumstances, to persons convicted in Illinois courts, and thereupon confined in Illinois penal institutions, occcupied considerable attention and absorbed much of the energies of the courts of the United States and of Illinois and of the Illinois Bar for a number of years. The act no doubt is the outgrowth of a series of decisions of the Supreme Court of Illinois and the Supreme Court of the United States involving the adequacy and availability of existing Illinois post-trial remedies in the light of substantive and procedural due process requirements of the constitutions of the United States and of this State. To cite those cases here would serve no useful purpose.

Having discussed and considered all points directed against the constitutionality of the act, we conclude that it has not been shown to be unconstitutional and that the lower court was wrong in its decision to the contrary. The judgment of the criminal court in sustaining the motion to dismiss, and in dismissing the petition for the reason that the statute under which it was brought is unconstitutional, is reversed and the cause is remanded for further proceedings.                    *Reversed and remanded.*