(No. 32401.—

THE PEOPLE OF THE STATE OF ILLINOIS, Defendant in Error, vs. ELEDA STELLA LEWIS, Plaintiff in Error.

*Opinion filed September 17, 1952.*

SHERWIN & SHERWIN, of Chicago, for plaintiff in error.

IVAN A. ELLIOTT, Attorney General, of Springfield, and FRANK W. CURRAN, State's Attorney, of Kankakee, (WILLIAM C. WINES, RAYMOND S. SARNOW, A. ZOLA GROVES, and EDWARD P. DROLET, of counsel,) for the People.

Mr. Justice Fulton delivered the opinion of the court:

Plaintiff in error, Eleda Stella Lewis, was convicted upon two informations charging her with petit larceny in the county court of Kankakee County and sentenced to serve concurrent terms of one year upon each information in the State Reformatory for Women. Since it is contended that the act under which Mrs. Lewis was sentenced to the reformatory is unconstitutional, she brings her appeal by means of writ of error directly to this court.

The record shows that on January 17, 1952, plaintiff in error was arrested by a police officer on a public street in the city of Kankakee at about 2:00 o'clock in the afternoon. She accompanied the officer to her parked automobile where merchandise identified as belonging to various local retail merchants was found. She admitted that she had taken this merchandise from local stores and that she had not paid for it.

Plaintiff in error was taken to the police station where she was searched and a written statement was taken. She was then placed in the jail where she was confined overnight. The following morning, January 18, 1952, the State's Attorney of Kankakee County filed two informations in the county court charging Mrs. Lewis with petit larceny. Plaintiff in error was arraigned on both charges that same morning. She was not represented by counsel. In each case she signed a paper purporting to be a jury waiver and a plea of guilty. The record recites that the consequences of the guilty pleas were explained to her and that she persisted therein. The court then took the matter of sentence under advisement until 2:30 o'clock P.M. on the same day.

At 2:30 o'clock that afternoon, the court, of its own motion, conducted a hearing for the purpose of determining what aggravating or mitigating circumstances might appear. The court called as witnesses the plaintiff in error, her

sister, Mrs. Marjorie Bennett, a resident of Chicago, and Edmund Klafta, the arresting officer. The written statement taken from Mrs. Lewis on the previous day was also received in evidence. At the close of the hearing, the court immediately sentenced plaintiff in error to serve one year upon each conviction in the reformatory, the sentences to run concurrently. It appears that she served more than two months of these sentences in the reformatory before she perfected a *supersedeas* and was freed on bail.

Plaintiff in error was not represented by counsel until February 13, 1952, on which date motions for a new trial and in arrest of judgment were filed in her behalf. Additional grounds in support of these motions were filed on February 29, and on the same date both motions were denied by the court.

Counsel for plaintiff in error contend that the statute under which Mrs. Lewis was sentenced to the Illinois Women's Reformatory is unconstitutional for the reason that it contravenes section 8 of article II of the constitution of the State of Illinois, which provides that no one shall be incarcerated in the penitentiary otherwise than upon indictment of a grand jury. The statute in question is section 5 of the act relative to the Illinois Women's Reformatory (Ill. Rev. Stat. 1951, chap. 23, par. 251,) the pertinent provisions of which are: "Any female person hereafter convicted of any offense punishable by imprisonment in the penitentiary and sentenced to imprisonment shall be committed, by the court in which the conviction is had, to the State Reformatory for Women. Any women of the age of eighteen years or over, convicted of a violation of any law, whose sentence or commitment is for one year or longer shall, and any women of the age of sixteen or seventeen years similarly convicted may be committed by the court in which the conviction is had to the State Reformatory for Women." Under the second sentence of that part of the act just quoted it was mandatory that the

county court, in sentencing Mrs. Lewis to serve one year, commit her to the reformatory rather than the county jail.

The entire argument of plaintiff in error upon the question of constitutionality is predicated upon the assumption that in every case a sentence to the Women's Reformatory is the same as a sentence to the penitentiary. Counsel then contend that since plaintiff in error could not legally be sentenced to the penitentiary upon conviction of a misdemeanor charged in an information, her constitutional rights have been violated.

The act creating the State Reformatory for Women was passed and approved in 1927. Prior to that time a woman convicted of a felony in this State and sentenced to commitment was committed to the women's division of the State Penitentiary. By section 5 of the Reformatory Act the legislature provided that all women thereafter convicted of offenses punishable by imprisonment in the penitentiary should be committed to the reformatory and, further, that women eighteen years of age or over, convicted of the violation of any law where the sentence was to run one year or longer should likewise be committed to the reformatory. The legislature thus created a single correctional institution in which misdemeanants serving longer sentences as well as felons might be confined. Plaintiff in error contends that because women convicted of felonies punishable by imprisonment in the penitentiary are now sent to the reformatory it is a penitentiary as to all persons committed there for whatever infraction of the law.

We cannot agree with this argument. The Illinois Women's Reformatory may be a prison of the class or grade of penitentiary as to those committed to that institution for felonies formerly punishable by imprisonment in the penitentiary but it does not follow that it is a penitentiary as to all offenders committed there. That a penal institution may be a prison of a certain class or grade as to some of its inmates and of a different class or grade as

to others has been recognized by this court in several prior opinions. Thus in *People ex rel. Cassidy* v. *McKinley,* 372 Ill. 247, we held that the Penitentiary Act of 1933, incorporating the Pontiac Reformatory into the Illinois State Penitentiary, did not increase or change the punishment of those committed to the Pontiac Reformatory prior to 1933; that as to those inmates the institution was still a reformatory. In that case we observed: "The mere fact of calling the reformatory a part of the penitentiary system, neither makes it less a reformatory nor empowers the legislature to create a penitentiary out of a reformatory, so far as those incarcerated there before 1933 are concerned."

Likewise, in *People* v. *Perkins,* 395 Ill. 553, we held that one sentenced to the reformatory at Pontiac for grand larceny prior to the time said institution became a part of the State Penitentiary had not been imprisoned in the State Penitentiary so as to bring him within the provisions of the Habitual Criminal Act when charged with a later offense in 1941, though during his confinement for the prior offense the institution became a part of the Illinois State Penitentiary.

Finally, in *People* v. *Dale,* 406 Ill. 238, we held that one convicted of a felony and confined in a county jail awaiting execution of a death sentence was, nevertheless, incarcerated in the penitentiary so as to enable him to avail himself of the provisions of the Post-Conviction Act. The place of his confinement was, as to the defendant in the case last mentioned, a penitentiary, though only a jail as to the vast majority of the inmates found therein.

So in the case now before us the fact that the Illinois Women's Reformatory might be an institution of the class or grade of penitentiary as to some of its inmates does not make it a penitentiary as to plaintiff in error. Counsel for plaintiff in error rely on the decision of this court in the case of *People* v. *Amore,* 369 Ill. 245, which involved the

sentencing of a woman to the Women's Reformatory on conviction of a felony. In that opinion at page 248 we said: "It seems clear from this provision [Ill. Rev. Stat. 1937, chap. 23, par. 251, also chap. 38, par. 803] that the term 'State Reformatory for Women' as used therein means a prison of the class or grade of a penitentiary." There is nothing inconsistent in the view we take here with our decision in the *Amore case*. We there had under consideration a commitment made under the first sentence of the section of the act in question, *i.e.*, a woman whose offense would theretofore have caused her confinement in the penitentiary being sent to the reformatory. There is no doubt that as to her case and all like cases the Illinois Women's Reformatory is an institution of the class or grade of penitentiary. It does not follow that it must be such as to all persons committed.

The legislature saw fit, in creating a women's reformatory, to permit women who must serve long sentences for misdemeanors to be confined in the reformatory rather than a county jail. It is well known that many county jails are unfit places for the incarceration of women prisoners at any time, and we consider it a humane provision of the law which permits women serving longer sentences for an infraction of a lesser nature to be confined in an institution with proper hospital and vocational training facilities. We find that the act in question is constitutional and that the constitutional rights of plaintiff in error were not violated by her commitment to the Illinois Women's Reformatory.

However, we do not feel that the conviction of the plaintiff in error of the crime of petit larceny and the maximum sentences to the State Reformatory for Women for one year can stand because the record of proceedings before us plainly shows that she was not afforded some of the procedural safeguards necessary for a fair trial. She was not represented by counsel throughout the entire proceedings, nor did she have the advice of either counsel,

friends or relatives. Less than five hours elapsed between the filing of the informations and her sentences to the Illinois State Reformatory for Women. Only twenty-four hours elapsed between her arrest and said sentences. During that period she was surrounded only by police and prosecuting authorities.

The testimony given by plaintiff in error as shown in the report of proceedings shows clearly that she was totally inexperienced in trial procedure; that she was in a highly emotional and confused state of mind; that she was a middle-aged housewife who had never before been accused or convicted of any crime; that she was having considerable domestic difficulty; that she was worried about her teenage son who was a cripple and who was then confined in the reformatory at St. Charles as a ward of the same court in which she was being tried. The trial judge on the hearing for aggravation and mitigation indicated that the plaintiff in error was confused and that her answers were illogical and incoherent.

Under the special circumstances of this case we cannot see the reason for such undue haste. In view of the mental condition of plaintiff in error as disclosed by the record, we believe she was in need of representation by counsel and the failure to provide such counsel was a violation of due process of law under section 2 of article II of the Illinois constitution and section 1 of the fourteenth amendment to the constitution of the United States. The procedure was also against the spirit of Rule 27a of this court.

In repeated decisions of the Supreme Court of the United States, as well as this court, the action in this case and the failure to afford accused the assistance of counsel has been severely criticized. (*In Re Oliver*, 68 Sup. Ct. Rep. 499.) Where an individual by reason of age, ignorance or mental incapacity, is incapable of representing himself adequately in a prosecution of relatively simple nature, refusal to appoint counsel for him denies due process of

law under the fourteenth amendment to the constitution of the United States. *Wade* v. *Mayo*, 68 Sup. Ct. Rep. 1270; *Shelley* v. *Kraemer*, 68 Sup. Ct. Rep. 836; Illinois State Const., art. II, section 2.

Accordingly, the conviction of the plaintiff in error and her sentences to the State Reformatory for Women are reversed, and the cause is remanded for a new trial.

*Reversed and remanded.*