(No. 33164.—)

THE PEOPLE OF THE STATE OF ILLINOIS, Defendant in Error, *vs.* CHARLES EVANS, Plaintiff in Error.

*Opinion filed November 18, 1954.*

Rex Carr, of East St. Louis, for plaintiff in error.

Latham Castle, Attorney General, of Springfield, and Richard T. Carter, State's Attorney, of Belleville, (Fred G. Leach, George W. Schwaner, Jr., and R. V. Gustin, of counsel,) for the People.

Mr. Justice Daily delivered the opinion of the court:

In December, 1939, Charles Evans pleaded guilty to a charge of rape in the circuit court of St. Clair County and was sentenced to life imprisonment in the penitentiary. On writ of error, wherein only the common-law record was presented for review, this court affirmed the judgment of conviction. (*People* v. *Evans,* 397 Ill. 430.) Thereafter, Evans filed a petition for writ of *habeas corpus* in the circuit court, which the court first denied, then later, pursuant to a mandate of the United States Supreme Court on a writ of *certiorari,* heard on the merits. Following the hearing, the court denied the relief prayed, dismissed the petition and remanded Evans to the custody of Browning Robinson, warden of the Illinois State Penitentiary, Menard Branch, who was the respondent. The Supreme Court of the United States denied a writ of *certiorari* in the cause. (*Evans* v. *Robinson,* 339 U.S. 985, 94 L. ed 1388.) Shortly thereafter, Evans filed a petition in the circuit court seeking relief under the Illinois Post-Conviction Hearing Act, (Ill. Rev. Stat. 1951, chap. 38, pars. 826-832,) but such petition was dismissed on a motion of the People which alleged that the issues raised by the petition were *res judicata* by virtue of the hearing and order of dismissal in the *habeas corpus* proceeding. On review we reversed the order of the circuit court, holding that an application for post-conviction relief could not be foreclosed by the mechanical application of the doctrine of *res judicata,* and remanded the cause for answer to the petition and a hearing. (*People* v. *Evans,* 412 Ill. 616.) This mandate was

complied with, and Evans, hereafter referred to as defendant, is before us and again seeking a review of the order denying him post-conviction relief.

The substance of defendant's constitutional claims is that he was denied due process of law in that he was coerced and intimidated into entering a plea of guilty, that he was rushed into a hasty and summary trial without benefit of counsel, and that he was brought within the jurisdiction of the court by means of a writ of *habeas corpus ad testificandum* rather than a writ of *habeas corpus ad prosequendum*.

From a complete consideration of all the records of this cause which have come before us, it is our opinion that defendant, even though he entered a plea of guilty, was not completely afforded the procedural safeguards necessary for a fair trial. The facts upon which we base such a conclusion are these: On August 29, 1939, defendant escaped from the Menard penitentiary where he was serving a term of one to twenty years for burglary. While he was thus at liberty, an indictment was returned to the circuit court of St. Clair County charging him with the commission of a rape that occurred in his home town of East St. Louis several nights after the date of his escape. Defendant was apprehended at Marshall, Illinois, on December 10, 1939, and was returned to the control of prison authorities at approximatly 1 :00 A.M., December 21, at which time he was placed in solitary confinement. At 9 :00 A.M. he was taken to be photographed, after which he claims he was beaten by prison guards as punishment for his escape, and was then returned to solitary confinement; beginning at 1 :00 P.M. he was questioned by prison and St. Clair County authorities, for a period estimated at an hour to an hour and a half, concerning the rape charge against him, and at the conclusion of the interrogation, during which he claims to have been threatened and coerced, was again returned to solitary confinement. He remained

there until 10:00 A.M. the following day, December 22, at which time he was again photographed, then driven to the county seat at Belleville, Illinois, arriving at approximately 12:30 P.M. He was taken directly before the court, pleaded guilty, and was sentenced to life imprisonment after the court had requested and received a statement of the facts from the State's Attorney. (*People* v. *Evans,* 397 Ill. 430, 432.) Immediately thereafter he was returned to the penitentiary.

To support the charge that he was beaten, defendant introduced into evidence for the first time in the post-conviction proceeding, two photographs from prison files, the first taken at 9:00 A.M., December 21, after his return to the penitentiary and the second taken on December 22 at 10:00 A.M. just prior to his departure for the circuit court. The former shows his face to be unmarked but the latter depicts what appears to be a bandage over his right eye and discoloration around both eyes. In corroboration, the trusty who took the photographs testified that each represented defendant's true appearance and that he observed that defendant had two black eyes when the second picture was taken. In rebuttal, the People introduced the testimony of the prison doctor who denied he had given treatment claimed by defendant, and that of the St. Clair County officials who testified defendant was unmarked both when they questioned him and when he appeared in court. In addition, the People introduced evidence that it was possible to retouch photographs but it was not conclusively shown that such had occurred in this case. Such circumstances cannot entirely be ignored when measuring the constitutional claims which go to the hasty and summary nature of defendant's trial.

It has long been held that a defendant in every criminal case is entitled, under the law, to a reasonable time and full opportunity to prepare for his trial, and to secure counsel if he desires. As stated in *People* v. *Hambleton,*

399 Ill. 388, (p. 393) : "One of the first purposes of ordinary administration of the law is that a defendant, whether guilty or innocent, shall be accorded a fair trial. There is not one law for an innocent man and another for a guilty man. Any man, however guilty of the crime charged, is entitled to be convicted according to law." In the *Hambleton case* it appears that the defendant was brought directly from the penitentiary and placed on trial after having been given only a few minutes to confer with the counsel who was appointed to defend him. Here the defendant had no counsel and, since he was kept in close confinement from the time he was taken into prison custody until his trial some thirty-six hours later, was given no opportunity to procure counsel or to consult with family or friends regarding the serious charge against him.

In *People v. Lewis,* 413 Ill. 116, this court held that defendant's constitutional rights were violated because of the undue haste of her trial, coupled with her ignorance of court procedure and a failure to show a need for such haste, when she was rushed to trial without counsel. It is true in the present case the defendant, from previous experience, was not ignorant of criminal proceedings, as was the defendant in the *Lewis case,* but other circumstances are present here which we think justify a like finding of deprivation of constitutional rights. Added to the precipitate nature of the trial, the lack of opportunity to consult with family, friends and counsel of any sort, we have the incarceration in solitary confinement in the penitentiary during all of the time he was there after his return, together with the photographic evidence of marks of severe injury to his face. While there is some oral evidence to dispute the presence of such facial discoloration, we believe that such photograph which is in the record before us supports the defendant's claim of physical violence to such an extent as to present to this court a substantial record of the threats and coercion which the defendant claims to have been

present in his case a short time before his court appearance and plea. In view of the affirmative showing made in this record, which was absent when this court reviewed the case on the common-law record, (*People* v. *Evans*, 397 Ill. 430,) it is our conclusion that the circumstances under which the defendant was tried operated to deny him a fair trial and that, whether guilty or innocent, he must be afforded the benefit of a new trial.

For the reasons stated, the judgment of the circuit court of St. Clair County appealed from is reversed and the cause is remanded with directions to grant the defendant a new trial.

*Reversed and remanded, with directions.*