**The People of the State of Illinois, Defendant in Error, v. Antonia Howard (Impleaded), Plaintiff in Error.**

**Gen. No. 11,703.**

Second District, Second Division.

April 30, 1963.

Rehearing denied May 16, 1963.

John R. Snively, of Rockford, for plaintiff in error.

William R. Nash, State's Attorney of Winnebago County, of Rockford (William H. Gates, Assistant State's Attorney, of counsel), for defendant in error.

WRIGHT, P. J.

The defendant, Antonia Howard, entered a plea of guilty to an information consisting of three counts charging her, along with Melvin E. Hogan, Allen L. Boldridge and James Howard, with the offenses of conspiracy, attempt and petty theft. The court sentenced the defendant on the third count of the information charging her with petty theft to the Illinois State Reformatory for Women at Dwight, Illinois, for a term of one year.

A writ of error was filed in the Supreme Court of Illinois to review this judgment in which the defendant contended among other things that the statute under which she was sentenced was unconstitutional. The Supreme Court, having determined that the case was wrongfully appealed to that court, transferred the case to this court.

A number of errors are assigned but the defendant only contends for two before this court. 1. That the information is fatally defective. 2. That the trial court erred in not permitting the defendant to withdraw her plea of guilty since she was not represented by counsel at the time of her arraignment and plea.

The record shows that on January 4, 1962, the Assistant State's Attorney of Winnebago County filed an information against the defendant, Antonia Howard, and others for the offenses of conspiracy, attempt and petty theft. The third count of the information charges that Melvin E. Hogan, Allen L. Boldridge, James Howard and Antonia Howard on the 2nd day of January, 1962, at and within the County of Winnebago in the State of Illinois, "committed the offense of Petty Theft, in that they knowingly ob-

tained or exerted unauthorized control over lawful money of the United States, having a value not exceeding One Hundred Fifty Dollars ($150), the property of Piggly Wiggly Midwest, Inc., a corporation, thereby intending to deprive Piggly Wiggly Midwest, Inc., a corporation, permanently of the use or benefit of said property, in violation of Chapter 38, Section 16-1, Illinois Revised Statutes, 1961, contrary to the form of the statute in such case made and provided and against the peace and dignity of the same people of the State of Illinois."

The defendant, Antonia Howard, on the 4th day of January, 1962, appeared in open court and was furnished with a copy of the information, list of people's witnesses and jurors and filed a written waiver of trial by jury and entered a plea of guilty, and after being fully advised by the court as to the consequences of her plea and the penalty that might be imposed by reason of said plea, the defendant still persisted in her plea of guilty. Whereupon, her plea of guilty was accepted by the court and judgment was entered finding the defendant guilty as charged in the information and the cause was continued for sentencing.

On January 27, 1962, prior to being sentenced, the defendant, Antonia Howard, filed a motion in the trial court to vacate and set aside the judgment of conviction and for leave to withdraw her plea of guilty and waiver of trial by jury.

On February 14, 1962, the defendant appeared in open court with her attorney, and the court after having considered defendant's motion to vacate and set aside the judgment of conviction and for leave to withdraw her plea of guilty and waiver of trial by jury, overruled the motion and sentenced the defendant to the Illinois State Reformatory for Women at Dwight, Illinois, for a term of one year.

■ The Illinois Constitution provides that in all criminal prosecutions the accused shall have the right to demand the nature and cause of the accusation against him. (Const Art 2, Sec 9.) The purpose of this provision is to secure to the accused such specific designation of the offense charged against him as will enable him to fully prepare for his defense, and to plead the judgment in bar of a subsequent prosecution for the same offense. People v. Peters, 10 Ill2d 577, 141 NE2d 9; People v. Barnes, 314 Ill 140, 145 NE 391 and People v. Covitz, 262 Ill 514, 104 NE 887.

The Illinois Criminal Code provides that every indictment shall be deemed sufficiently technical and correct which states the offense in the terms and language of the statutes creating the offense, or so plainly that the nature of the offense may be easily understood by the jury. (Ill Rev Stats 1961, c 38, § 716.) The statute further provides that every information shall set forth the offense with reasonable certainty, substantially as required in an indictment. (Ill Rev Stats 1961, c 37, § 289.)

■ The information in the instant case in the language of the statute, we believe, clearly and plainly states what the defendant did or was accused of doing in violation of the statute. The third count of the information on which the defendant was sentenced told her that she, together with the other defendants, on January 2, 1962, in the County of Winnebago, State of Illinois, committed the offense of petty theft by knowingly obtaining unauthorized control of money which was the property of Piggly Wiggly Midwest, Inc., a corporation, and that she intended to permanently deprive the owner of its property. It stated the property was lawful money of the United States having a value of less than $150.

■ It is the general rule that an indictment or an information which states the offense in the language

of the statute is sufficient in those cases where the statute clearly defines the offense. Gallagher v. People, 211 Ill 158, 71 NE 842. However, where the statute does not define or describe the act or acts constituting the offense created, such acts must be specifically alleged. People v. Peters, supra; People v. Potter, 5 Ill2d 365, 125 NE2d 510 and People v. Green, 368 Ill 242, 13 NE2d 278.

We hold that count three of the information in the instant case, the one on which the defendant was sentenced, which is in the words of the statute, fully, directly and expressly, without any uncertainty or ambiguity sets forth all of the elements necessary to constitute the offense intended to be punished, and that the count of the information is free from all ambiguity and leaves no doubt in the mind of the accused and the court of the exact offense charged.

■ The defendant next contends that the trial court erred in refusing to permit the defendant to withdraw her plea of guilty since she was not represented by counsel at the time the plea was entered.

The Illinois Criminal Code provides that every person charged with crime shall be allowed counsel, and when he shall state upon oath that he is unable to procure counsel, the court shall assign him competent counsel, who shall conduct his defense. The code further provides that whenever it shall appear to the court that a defendant or defendants indicted in a capital case, is or are indigent and unable to pay counsel for his or her defense, it shall be the duty of the court to appoint one or more competent counsel for such defendant or defendants. (Ill Rev Stats 1961, c 38, § 730.)

Supreme Court Rule 26 provides among other things that in all criminal cases wherein the accused upon conviction shall, or may, be punished by imprisonment in the penitentiary, if, at the time of his arraignment

he is not represented by counsel, the court shall before receiving, entering or allowing the change of any plea to an indictment or to an information if indictment has been waived, advise him he has a right to be defended by counsel. If he desires counsel, and states under oath he is unable to employ counsel, the court shall appoint competent counsel to represent him.

It appears from a reading of the foregoing statute and Supreme Court Rule that in all criminal cases where the accused upon conviction may be punished by imprisonment in the penitentiary, if he is not represented by counsel, the court should appoint counsel for him before taking any plea on the indictment or information if indictment has been waived, and this should be done whether or not the defendant requests counsel but if the information does not charge an offense for which a person may be sentenced to the penitentiary, there is no duty on the court to advise accused of such right unless there are circumstances showing that he is not sufficiently competent to know of the right or how or when to claim it. People v. Williams, 399 Ill 452, 78 NE2d 512.

In the instant case the record does not disclose that the defendant desired or requested the appointment of counsel to represent her. There is no contention that any such request was made to the court at the time of her arraignment and plea of guilty. The right to be represented by counsel in this type of case is a right which the accused may waive or claim as she elects, unless there are circumstances necessitating inquiry by the trial court as to whether or not counsel should be appointed.

The defendant in support of her contention that counsel should have been appointed for her before her plea of guilty was accepted relies solely upon People v. Lewis, 413 Ill 116, 108 NE2d 473. The de-

134

fendant in that case entered a plea of guilty without being represented by counsel and thereafter the trial judge before passing sentence conducted a hearing for the purpose of determining what aggravating or mitigating circumstances might appear. The testimony given by the defendant showed that the accused was in a highly emotional and confused state of mind; that she was having considerable domestic difficulty and that she was worried about her teen-age son, who was then confined in the reformatory at St. Charles. In fact, the trial judge in that case on the hearing indicated that the defendant was confused and that her answers were illogical and incoherent.

We do not believe that any such circumstances were present in the instant case. The defendant, Antonia Howard, filed an affidavit with the trial court prior to the hearing on the motion to set aside the plea of guilty in which she stated that she had been ill before entering her plea and that she had taken some medicine on advice of a physician and that she was ill at the time of her plea, but there is nothing in the record to show that she was in any manner confused or that she was not fully aware of what she was doing.

The defendant in the instant case contends that the Illinois State Reformatory for Women at Dwight, Illinois, where the defendant was sentenced to serve time, is a penitentiary within the meaning of Supreme Court Rule 26 because it is the place where women who are sentenced for felonies, as well as misdemeanors, are incarcerated. We cannot agree with this contention. Prior to the act creating the State Reformatory for Women, which was approved in 1927, women convicted of a felony in Illinois and sentenced to commitment were committed to the Women's Division of the state penitentiary. Section 5 of the Reformatory Act provides that all women

135

hereafter convicted of offenses punishable by imprisonment in the penitentiary should be committed to the reformatory, and further provides that women 18 years of age or over convicted of the violation of any law where the sentence was to run one year or longer, should likewise be committed to the reformatory. By this act, the legislature created a single correctional institution in which misdemeanants serving longer sentences as well as felons might be confined.

The Illinois Women's Reformatory may be a penitentiary to those committed to that institution for felonies formerly punishable by imprisonment in the penitentiary, but it does not follow that it is a penitentiary as to all offenders committed there. A penal institution may be a penitentiary as to some of its inmates and not a penitentiary as to others. The fact that the Illinois Women's Reformatory may be a penitentiary as to some of its inmates does not make it a penitentiary so far as the defendant is concerned. People v. Lewis, supra.

The judgment of the Circuit Court of Winnebago County is affirmed.

Affirmed.

CROW and SPIVEY, JJ., concur.