John R. STONE–EL, Plaintiff,

v.

The STATE OF ILLINOIS, Defendant.

No. 90 C 5129.

United States District Court, N.D. Illinois, E.D.

Sept. 24, 1990.

**626**

John Stone–El, pro se.

## MEMORANDUM OPINION AND ORDER

SHADUR, District Judge.

John Stone–El ("Stone–El") asks leave to file his pro se civil rights Complaint under 42 U.S.C. § 1983 ("Section 1983") without prepayment of the filing fee. As supplemented by an informally-framed Motion To Amend filed September 14, 1990,[1] Stone–El's Complaint seeks to challenge the constitutionality of two state court convictions, respectively entered on May 5, 1972 and

1. There are really two independent reasons for taking that amendment into account even though framed in letter form:
   1. Fed.R.Civ.P. ("Rule") 15(a) gives a plaintiff an absolute right to file one amendment to a complaint where as here no responsive pleading has yet been filed.
   2. *Neitzke v. Williams,* 490 U.S. 319, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989) commands a generous reading of any pleading tendered by an in forma pauperis pro se litigant such as Stone–El.

2. In that respect Stone–El's claim is far from clear. What he says in his Motion To Amend is this:

   However on June 26, 1988 when I was being sentenced in case # 88 CR 2223 the Prosecutor argued vehemently against a lighter sentence based on cases # 72–371 and # 73–60 both of which were illegal.

   \*　\*　\*　\*　\*　\*

   The state used both of these illegal convictions to persuade the judge to give me the amount of time that he did and it is all reflected in the transcripts.

May 30, 1973. Although Stone–El has completed his sentences under both those convictions, he asserts that still another sentence—the one he is now serving—was enhanced by the challenged convictions.[2] Stone–El names the State of Illinois as defendant and asks this Court to grant declaratory relief and to remand his criminal case back to the Circuit Court of Cook County for retrial.

But a Section 1983 complaint is not the appropriate vehicle for a federal judicial review of the constitutionality of Stone–El's 1972 and 1973 convictions. Habeas corpus, with its concomitant requirement of exhaustion of state court remedies, provides the exclusive federal remedy for a state prisoner posing such a challenge (see *Preiser v. Rodriguez,* 411 U.S. 475, 500, 93 S.Ct. 1827, 1841–42, 36 L.Ed.2d 439 (1973); *Scruggs v. Moellering,* 870 F.2d 376, 378–79 (7th Cir.1989)).

In this instance Stone–El has already attempted to invoke that habeas remedy, but in *United States ex rel. Stone v. Gramley,* 1989 WL 81947, 1989 U.S.Dist. LEXIS 8189 (N.D.Ill.) this Court's colleague Honorable George Marovich dismissed that earlier habeas petition for lack of jurisdiction because Stone–El is no long-

That does not seem to be a situation of illegal enhancement that is comparable to the situation (say) under 18 U.S.C. §§ 922(g) and 924(a)(2) and 924(e)(1), where a previously convicted felon in possession of a firearm faces a 10-year *maximum* sentence, but the same individual with *three* prior convictions "for a violent felony or a serious drug offense, or both" is subject to a *minimum* 15–year sentence without parole. Under such circumstances the defendant who confronts such an enhanced sentence can challenge the constitutionality of any of the underlying convictions at the time of sentencing (see, e.g., this Court's opinion in *United States v. Henry,* 713 F.Supp. 1182, 1184 n. 3 (N.D.Ill. 1989)). But from aught that appears here, the sentencing judge in 1988 could simply (and properly) have considered Stone–El's *conduct* that informed the 1972 and 1973 convictions, rather than the convictions as such—and in such event the possible vacation of either or both convictions need not taint the 1988 sentence (see *Crank v. Duckworth,* 905 F.2d 1090, 1091–92 (7th Cir.1990)). This Court need not resolve that question for present purposes.

 

er in custody under the convictions he seeks to attack. That jurisdictional conclusion has been validated by the highest possible authority—*Maleng v. Cook*, 490 U.S. 488, 109 S.Ct. 1923, 1926, 104 L.Ed.2d 540 (1989) (per curiam) has held that the use of an expired sentence to enhance a later sentence does not render the petitioner "in custody" on the earlier and fully-expired sentence. If Stone–El wants to challenge the asserted use of the now-expired 1972 and 1973 sentences to enhance the sentence he is now serving, his remedy is to attack that latest sentence and not the more-than–15–year–old convictions (see *Crank*, 905 F.2d at 1091).[3]

Accordingly this Court finds no arguable legal basis for the complaint and denies Stone–El's motion for leave to file in forma pauperis (see *Neitzke*). In accordance with the procedure prescribed by *Smith–Bey v. Hospital Administrator*, 841 F.2d 751, 758 (7th Cir.1988), this action is dismissed with prejudice pursuant to 28 U.S.C. § 1915(d). In addition Stone–El is informed:

1. If he wishes to appeal this order of dismissal, he must file a Notice of Appeal to the United States Court of Appeals for the Seventh Circuit with the Clerk of the Court of the United States District Court, 219 South Dearborn Street, 20th Floor, Chicago, Illinois 60604, within 30 days after the entry of judgment (see Fed.R.App.P. 4(a)).

2. Although this Court of course expresses no substantive views on this subject, Stone–El should also be aware that if the Court of Appeals were to determine that such an appeal were "frivolous" in the legal sense, that could result in the imposition of sanctions by that Court (see Fed.R.App.P. 38).

---

**3.** Stone–El's pleadings also object to the retroactive application of a 1984 amendment to the Illinois Post–Conviction Hearing Act, Ill.Rev. Stat. ch. 38, ¶¶ 122–1 to 122–7 (the "Act"), which reduced the limitation period for a post-conviction petition from 20 to 10 years (but see *People v. Bates*, 124 Ill.2d 81, 124 Ill.Dec. 407, 529 N.E.2d 227 (1988)). However, under the facts alleged Stone–El has no standing to raise that claim in any event, for he tenders no showing that Illinois courts have denied him post-conviction relief under the Act on statute of limitations grounds. Instead he submits only a letter from an Assistant Public Defender advising him that the courts would apply the new limitations period to him. But that is no more than speculation as to what the state court would do if Stone–El filed a petition. It would appear that the more likely result would be dismissal for lack of jurisdiction, for Illinois courts follow a rule similar to the "in custody" requirement for federal habeas corpus petitions and interpret the Act to preclude post-conviction relief for prisoners who have already fully served their sentences (see *People v. Martin–Trigona*, 111 Ill.2d 295, 299, 95 Ill.Dec. 492, 493–94, 489 N.E.2d 1356, 1357–58 (1986); *People v. Dale*, 406 Ill. 238, 246, 92 N.E.2d 761, 766 (1950)).