FOLENIUS *v.* ECKLE, SUPT., LONDON PRISON FARM.

(No. 261—Decided January 13, 1959.)

*Mr. Clifford Folenius, in propria persona.*

*Mr. Mark McElroy,* attorney general, and *Mr. William M. Vance,* for respondent.

WISEMAN, J. Relator has filed an action in habeas corpus in this court testing whether his incarceration in the London Prison Farm is legal.

The indictment under which the relator was tried alleges that on September 22, 1955, he "did unlawfully obtain a narcotic drug, to wit: paregoric, a tincture of opium, by the giving of a false name, contrary to Section 3719.17 of the Revised Code of Ohio * * *."

The defendant waived a jury trial and was tried by the court. The defendant was found guilty and sentenced to the Ohio Penitentiary, and was received into custody on March 8, 1956, and later transferred to the London Prison Farm.

The sole question for the court to decide is whether the indictment charges a crime under the statutes of Ohio. Section 3719.17, Revised Code (126 Ohio Laws, 178, 188, effective September 16, 1955), so far as applicable provides as follows:

"No person shall obtain or attempt to obtain a narcotic drug, or procure or attempt to procure the administration of a narcotic drug:

"* * *

"(D) By the use of a false name or the giving of a false address;

"* * *."

Section 3719.15, Revised Code (126 Ohio Laws, 178, 187, effective September 16, 1955), so far as applicable provides:

"Except as specifically provided in Sections 3719.01 to 3719.22, inclusive, of the Revised Code such sections shall not apply to the following cases:

"(A) Where a practitioner administers or dispenses; or where a pharmacist or owner of a pharmacy sells at retail any medicinal preparation that contains in one fluid ounce, or if a solid or semisolid preparation, in one avoirdupois ounce:

"(1) Not more than two grains of opium;

"* * *."

The above statutes make it a criminal offense to procure a narcotic drug by the use of a false name. The relator admits that he did not give his true name. The relator also admits that he made a purchase of paregoric.

The indictment was not objectionable for the reason that it failed to negative the exception. Section 2941.10, Revised Code, provides:

"No indictment or information for any offense created or defined by statute is objectionable for the reason that it fails to negative any exception, excuse, or proviso contained in the statute creating or defining the offense. The fact that the charge is made is an allegation that no legal excuse for the doing of the act exists in the particular case."

See 28 Ohio Jurisprudence (2d), 439, Section 33.

However, the specific question to be determined is whether the medicinal preparation commonly called "paregoric" contains more than two grains of opium in one fluid ounce. The indictment charges that the relator purchased "paregoric, a tincture of opium." In the Pharmacopeia of the United States (Fifteenth Revision), on page 479, paregoric is defined to be "camphorated opium tincture." Even though the indictment fails to correctly describe paregoric it nevertheless sufficiently describes the medicinal preparation purchased. Under the provisions of Section 3719.15, Revised Code (126 Ohio Laws, 178, 187), a medicinal preparation which contains not more than two grains of opium in one fluid ounce is excepted from the provisions of Section 3719.17, Revised Code, *supra*. The Pharmacopeia, of which we take judicial notice, states that in 1000 ml. of paregoric there are 40 ml. opium tincture. When the formula is reduced to grains it appears that paregoric contains 1.82 grains of opium in each fluid ounce. Consequently, paregoric contains less than 2 grains of opium in each fluid ounce, which brings the preparation within the exception of the statute.

We conclude that paregoric is a medicinal preparation but is not a narcotic drug under Section 3719.17, Revised Code (126 Ohio Laws, 178, 188).

The indictment failed to charge a crime. The conviction and sentence are void.

*Petitioner discharged from custody.*

HORNBECK, P. J., and CRAWFORD, J., concur.