SARANTOS, PETITIONER, v. SACKS, AS WARDEN, RESPONDENT.

Ohio Appeals, Tenth District, Franklin County.

No. 6580.   Decided December 20, 1960.

Mr. George Sarantos, for himself.
Mr. Mark McElroy, attorney general, and Mr. Aubrey Wendt, assistant attorney general, for respondent.

DUFFY, J.  The petitioner, who is now confined in the Ohio Penitentiary, seeks a writ of habeas corpus, and in his petition questions the jurisdiction of the trial court, claiming he was indicted under Section 3719.17 (D), Revised Code, for the unlawful purchase of paregoric.

The petitioner alleges that the offense committed by him was not an indictable offense and cites the case of Folenius v.

*Eckle, Supt.*, 109 Ohio App., 152, and a recent case from this Court, *Stone* v. *Sacks, Warden* (No. 6451, 10th District Court of Appeals), in support of his contention that the medicinal preparation commonly called "paregoric" is not a narcotic drug under the provisions of Section 3719.17, Revised Code. In the *Folenius* and *Stone cases, supra*, the indictments specifically set out that the drug purchased was paregoric, whereas the indictment in the instant case does not set forth which drug was purchased.

It is true the petitioner has presented a certified copy of an affidavit filed in the Cincinnati Municipal Court, under date of January 4, 1956, showing that on December 31, 1955, George Sarantos did "* * * unlawfully and wilfully make false statements in a record required to be kept under this act to wit: by giving a false name and address in purchasing paregoric, contrary to and in violation of Section 3719.17 (c), Revised Code * * *." However, a copy of the indictment entered by the grand jury of Hamilton County, Ohio, on January 25, 1956, shows that George Sarantos

"on or about the first day of November in the year nineteen hundred and fifty five at the County of Hamilton and State of Ohio, aforesaid, unlawfully and wilfully did make a false statement in a certain record required by the Uniform Narcotic Drug Act of the State of Ohio, contrary to the form of the statute in such case made and provided, and against the peace and dignity of the State of Ohio.

"Second Count

"And the Grand Jurors aforesaid, upon their oaths aforesaid, do further present that—

"George Sarantos

"on or about the thirty first day of December, in the year nineteen hundred and fifty five, at the County of Hamilton and State of Ohio, aforesaid, unlawfully and wilfully did make a false statement in a certain record required by the Uniform Narcotic Drug Act of the State of Ohio, contrary to the form of the statute in such case made and provided, and against the peace and dignity of the State of Ohio."

The record shows that there was a guilty plea to the charge set forth in the indictment.

While it is possible that the purchases dealt with paregoric,

the indictment and the entry of the court do not reflect that paregoric was involved and we cannot say, based on the evidence before us, that the Court of Common Pleas of Hamilton County did not have jurisdiction of the subject matter and of the petitioner.

The writ will be denied.

BRYANT, P. J., and DUFFEY, J., concur.