FOLENIUS, PETITIONER, v. SACKS, WARDEN, RESPONDENT.

Ohio Appeals, Tenth District, Franklin County.

No. 6788.  Decided November 28, 1961.

*Mr. Clifford Folenius*, for himself.

*Mr. Mark McElroy*, attorney general, and *Mr. Aubrey A. Wendt*, assistant attorney general, for respondent.

BRYANT, J. Clifford Folenius, petitioner herein, has brought an original action in this court to obtain a writ of habeas corpus. An inmate of the Ohio Penitentiary, he has named Beryle C. Sacks, as respondent. Sacks was Warden of the Ohio Penitentiary when this action was begun. Folenius is serving a sentence of from two to five years imprisonment in the Ohio Penitentiary imposed by the Common Pleas Court, Butler County, Ohio, following his conviction of a violation of Chapter 3719, Revised Code, dealing with narcotics. Folenius also was fined $5,000 and costs.

Folenius advances a number of arguments in support of his petition only two of which need be considered here namely, that the act he is alleged to have committed to wit, purchasing an ounce of paregoric less than forty-eight consecutive hours after a previous one ounce purchase is not a violation of law on his part, and as to a purchaser has not been made a crime by law, and second that the indictment in his case is therefore void.

Two sections of the state narcotic law are pertinent in this case. The first is Section 3719.15, supra, Revised Code, herein called the exemption statute or Section 15. The other is Section 3719.16, supra, Revised Code, herein called the limitation on exemption section or Section 16.

So far as narcotics are concerned the other twenty sections establish rigid controls and strict prohibitions as to the five narcotics mentioned by name and any of their salts. Section 15 provides a complete exemption from other parts of the narcotic law (unless otherwise specifically provided) in the case of any medicinal preparations containing not more than the specified small amounts of the five narcotics named. The offense alleged to have been committed by Folenius occurred

March 3, 1960. Section 15, as in effect at the time the alleged offense was committed, was enacted in 126 Ohio Laws, 178 at p. 187, effective September 16, 1955. So far as here pertinent, Section 15 reads as follows:

"Except as specifically provided in Sections 3719.01 to 3719.22, inclusive, Revised Code, such sections shall not apply to the following cases:

"(A) Where a practitioner administers or dispenses; or where a pharmacist or owner of a pharmacy sells at retail any medicinal preparation that contains in one fluid ounce, or is a solid or semisolid preparation, in one avoirdupois ounce:

"(1) Not more than two grains of opium;

"(2) Not more than one quarter of a grain of morphine or of any of its salts;

"(3) Not more than one grain or codeine or of any of its salts;

"(4) Not more than one-sixth of a grain of dihydrocodeinone;

"(5) Not more than one half of a grain of extract of cannabis nor more than one half of a grain of any more potent derivative or preparation of cannabis; * * *."

The section above set forth totally exempts any and all medicinal preparations which do not contain in an ounce more than the specified amount of the five narcotics therein named.

Section 16 is in two paragraphs. The first paragraph applies to those dispensing or selling the various medicinal preparations which are exempt under the provisions of Section 15 and uses two forms of limitation upon those dispensing or selling the preparations exempt under Section 15.

The first of these limitations is based upon the actual quantity measured in grains or parts of grains of the various narcotics which are dispensed or sold to a consumer within a period of forty-eight consecutive hours. The second limitation upon those dispensing or selling preparations exempt under Section 15 is that *not more than one preparation exempted under Section 15* shall be dispensed or sold to a consumer within a forty-eight hour period. Thus, the first paragraph applies only to those dispensing or selling such preparations.

The final paragraph of Section 16 is a limitation on pur-

chasers who obtain or attempt to obtain preparations exempt under Section 15. It was under the provisions of this paragraph that Folenius was indicted, convicted and sentenced. The final paragraph of Section 16 reads as follows:

"No person shall obtain or attempt to obtain under the exemptions of Section 3719.15, Revised Code, *more than one preparation exempted by the provisions of that section within forty-eight (48) consecutive hours.*" (Emphasis added.)

As above pointed out, two limitations are placed upon those dispensing or selling exempted preparations, while in the case of those obtaining or attempting to obtain such exempted preparations the single limitation is that they shall not obtain or attempt to obtain within a forty-eight hour period *"more than one preparation exempted"* under Section 15 "within forty-eight (48) consecutive hours."

The indictment against Folenius charged that on March 3, 1960 he "did unlawfully obtain more than one preparation, exempted under Section 3719.15, Revised Code, to-wit: paregoric within 48 consecutive hours."

The argument on behalf of Folenius in substance is that the final paragraph of Section 16 only applies to obtaining or attempting to obtain more than one exempt preparation, that paregoric is one of the preparations exempted under Section 15 but that it cannot be called "more than one preparation" and hence that the act charged by the indictment is not a crime under the final paragraph of Section 16, and the indictment is therefore void.

In opposition to this, it is contended that each purchase of one ounce of paregoric is the obtaining of a preparation exempted under Section 15 and that when two purchases, each of one ounce of paregoric, are made in less than forty-eight consecutive hours, each such purchase is the obtaining of a preparation, and therefore more than one preparation is obtained in a forty-eight hour period.

From what has been quoted from the indictment, it will be seen that had the words "to-wit: paregoric" been left out, the indictment at least would have followed the language of the statute.

On the other hand, while paregoric undoubtedly is one of the preparations exempted under Section 15, it is difficult to

understand how it also can be considered more than one such preparation. In our opinion, it is not more than one preparation.

In the opinion by Wiseman, J., in the case of *Folenius* v. *Eckle*, 109 Ohio App., 152, the court judicially noticed the Pharmacopeia of the United States (15th Revision) on p. 479, where paregoric is defined as camphorated opium tincture and the court stated that it contains 1.82 grains of opium in each fluid ounce.

In Section 3719.09, supra, Revised Code, there are specific limitations upon the quantity of a narcotic which may be possessed and this section rather than Section 16 would appear to cover situations where a purchaser obtains and possesses excess quantities of a single medicinal preparation containing narcotics. Section 3719.09, supra, Revised Code, referred to herein as the illegal possession statute or Section 9, with certain exceptions, makes it illegal to possess or control any narcotic or narcotic drug preparation except under two conditions. The first condition is that the drug or preparation must be exempted under Section 15 and the second condition is that the amount of any narcotic drug in such preparation must not exceed a specific limit measured in grains or parts thereof as set forth in Section 9. Pertinent here is the provision in Section 9 forbidding the possession of a preparation containing more than two grains of opium.

Assuming that one ounce of paregoric contains 1.82 grains of opium, it would seem to follow that if a person, who possessed an ounce of paregoric, purchased a second ounce of paregoric, he would have in his possession and under his control a total of 3.64 grains of opium and thereby would violate the terms of Section 9 as illegal possession, which is penalized in Section 3719.99(C), Revised Code, and for which the penalty is not less than two nor more than fifteen years imprisonment (for a first offense) and a fine of $10,000.

Whether or not Folenius was guilty of illegal possession of opium under the provisions of Section 9 as hereinabove mentioned, we need not here determine for the reason that he was not charged under that section. It apparently was the theory of the prosecution that Folenius had purchased two one ounce

containers of paregoric on the same day and of necessity had not allowed forty-eight consecutive hours to elapse between such purchases. It apparently also was the theory of the prosecution that two such purchases of the same preparation were the equivalent of obtaining "more than one preparation."

In interpreting and applying criminal statutes, it is of course well settled that the language used should be given a reasonable and sound interpretation and meaning. It is equally true that such language may not and should not be broadened to include acts not within the meaning of the words used.

The state narcotic law in Section 9 dealing with illegally possessing at the same time more than two grains of opium by a purchaser or consumer has provided a fully adequate remedy for abuses. In fact, under the provisions of Section 3719.99(C), Revised Code, the possible penalty for illegally possessing narcotics contrary to Section 9 is for a first offense not less than two years nor more than fifteen years, which is potentially more severe than the penalty for violating Section 16 by purchasing more than one exempted preparation in forty-eight consecutive hours.

It seems clear to us that when the indictment using the phrase "more than one preparation" followed by the words "to-wit: paregoric," the meaning was the same as if they had said "more than one preparation" followed by the words "to-wit: one preparation."

The indictment leaves no doubt that it is charging a violation of Section 16, specifically mentioning that section by number. As the indictment totally fails to charge an offense punishable under the narcotic laws, it was insufficient to confer jurisdiction on the trial court to impose sentence or fine. The mittimus in this case is void and insufficient to warrant the detention of Folenius.

The second and third grounds advanced by Folenius are well taken and it is ordered that the writ of habeas corpus prayed for should be allowed and the release of the petitioner ordered.

DUFFEY, P. J., concurs.
DUFFY, J., dissents.

DUFFY, J., dissents. Petitioner, an inmate of the Ohio Penitentiary, has filed an action in habeas corpus in this court to

determine whether or not his last incarceration in that institution was legal. He was indicted for a violation of Section 3719.16, Revised Code, and his indictment reads, in part, as follows:

"* * * on or about the 3rd day of March in the year of our Lord one thousand nine hundred and sixty at the County of Butler aforesaid, did unlawfully obtain more than one preparation, exempted under Section 3719.15, Revised Code, to wit; paregoric, within 48 consecutive hours, contrary to Section 3719.16, Revised Code, and against the peace and dignity of the State of Ohio."

Petitioner contends that the state of Ohio has no power to prevent him from obtaining an exempt medicinal preparation (paregoric) in as much as it is not a narcotic drug. Although the medicinal preparation does contain opium, there are not more than two grains of opium in each fluid ounce of paregoric, and thereto is no doubt that paregoric is an exempted preparation listed in Section 3719.15, Revised Code. See *Folenius* v. *Eckle, Supt.*, 109 Ohio App., 152.

Section 3719.16, Revised Code, states:

"No person shall obtain or attempt to obtain under the exemptions of Section 3719.15, Revised Code, more than one preparation exempted by the provisions of that section within forty-eight (48) consecutive hours."

In as much as the indictment charges that the petitioner did obtain more than one preparation of paregoric within forty-eight (48) consecutive hours, it does charge a crime and the writ of habeas corpus should be denied.