373 P.2d 695

STATE of Utah, Plaintiff and Respondent,

v.

Salamon Julian SANCHEZ, Defendant and Appellant.

No. 9640.

Supreme Court of Utah.

Aug. 2, 1962.

Mitsunaga & Ross, Kenneth M. Hisatake, Salt Lake City, for appellant.

A. Pratt Kesler, Atty. Gen., Ronald N. Boyce, Asst. Atty. Gen., Salt Lake City, for respondent.

WADE, Chief Justice.

Salamon Julian Sanchez appeals from a conviction for obtaining a narcotic drug, paregoric, in violation of Title 58, Ch. 13a,

**308**

Sec. 35, U.C.A.1953, as amended by Laws of Utah 1953, Ch. 94. Title 58, Ch. 13a, U.C.A.1953, pocket supplement 1961, is the Uniform Narcotic Drug Act as amended by Laws of Utah 1953, Ch. 94 and Laws of Utah 1955, Chs. 114 and 115. Any citation in this opinion to Title 58, Ch. 13a, U.C.A. 1953 refers to the amended Uniform Drug Act as set out in the 1961 pocket supplement for Utah Code Annotated 1953.

Sec. 58–13a–1(12) of our Uniform Narcotic Drug Act defines opium as including "morphine, codeine, and heroin, and any compound, manufacture, salt derivative, mixture, or preparation of opium, * * *" and in Sec. 58–13a–1(15) narcotic drugs is defined to mean "coca leaves, opium, isonipecaine, amidone, isoamidone, keto-bemidone, cannabis, and every substance neither chemically nor physically distinguishable from them."

The record discloses that appellant admitted participating with his codefendants in obtaining by fraudulent means an oral prescription for the paregoric which was purchased. Sec. 58–13a–35 provides that: "No person shall obtain or attempt to obtain a narcotic drug, or procure or attempt to procure the administration of a narcotic drug, (1) by fraud, deceit, misrepresentation, or subterfuge; * * *." At the trial evidence was adduced that paregoric is a medicinal preparation containing codeine but that no test was made to ascertain the amount or percentage of codeine contained in the paregoric.

Defendant did not present any evidence. However, before the trial the defendant had demanded a bill of particulars to the "Information" filed against him requesting answers to the following questions:

"1. Does the 'paragoric' [sic] involved in this case contain codeine or any of its salts?

"2. If the answer to #1 is 'yes,' how many grains of codeine or its salts per fluid ounce does it contain?

"3. Does the 'paragoric' [sic] involved in this case contain any other narcotic drug?

"4. Does the 'paragoric' [sic] involved in this case contain any other medicinal elements or compounds in addition to its narcotic content?"

In response to this demand for a Bill of Particulars the district attorney supplied the following answer:

"The paregoric involved in this case contains opium and its derivatives, chiefly, morphine, codeine and thebaine."

Appellant now claims that this answer was insufficient to enable him to carry the

burden of his defense, which was that under the provisions of Sec. 58–13a–17 and Sec. 58–13a–41, the paregoric which was purchased was exempt from the provisions of the Uniform Narcotic Drug Act. Sec. 58–13a–17 reads:

"Except as otherwise in this act specifically provided, this act shall not apply to the following cases:

"(1) Administering, dispensing, or selling at retail of any medicinal preparation that contains in one fluid ounce, or if a solid or semisolid preparation, in one avoirdupois ounce, not more than one grain of codeine or any of its salts."

■ The contention by appellant Sanchez that Sec. 58–13a–17 exempts from a violation of our Uniform Narcotic Drug Act the obtaining of a narcotic drug by fraud, deceit, misrepresentation or subterfuge, under Sec. 58–13a–35, unless the narcotic drug obtained contains in one fluid ounce more than one grain of codeine is not correct. Sec. 58–13a–17 provides that this act shall not apply to "administering, dispensing, or selling at retail of any medicinal preparation" that does not contain

more than one grain of codeine in one fluid ounce. This provision is limited to administering, dispensing or selling at retail. It has no application to obtaining by fraud, deceit, misrepresentation or subterfuge a narcotic drug. The act requires more than one grain of codeine in every fluid ounce of medicinal preparation, administered, dispensed or sold at retail in order for a violation, but appellant was not charged with dispensing a narcotic drug, but with fraudulently obtaining a medicinal narcotic drug preparation.

Appellant relies on Sec. 58–13a–41 [1] as making the exemption provision of Sec. 58–13a–17, which requires more than one grain of codeine in one fluid ounce, applicable to this charge of fraudulently obtaining a narcotic drug under Sec. 58–13a–35. Sec. 58–13a–41 makes the provisions of sections 58–13a–35 to 58–13a–41 inclusive applicable to all transactions relating to narcotic drugs under the provisions of Secs. 58–13a–17 to 58–13a–20 in the same way as they apply to transactions under all other sections. Had this section merely provided that the provisions of Secs. 58–13a–35 to 58–13a–41 are applicable to all transactions relating to narcotic drugs under the provisions of Secs. 58–13a–17 to 58–13a–20, appellant's contention would be

---

1. 58–13a–41. "The provisions of sections 58–13a–35 to 58–13a–41 inclusive shall apply to all transactions relating to narcotic drugs under provisions of sections 58–13a–17 to 58–13a–20, inclusive, in the same way as they apply to transactions under all other sections."

**310**

valid. However, if such were the legislative intention, it could have said so without qualifying it with the provision that the application of the provisions of Secs. 58–13a–35 to 58–13a–41, to all transactions relating to narcotic drugs under sections 58–13a–17 to 58–13a–20 shall be the same "as they apply to transactions under all other sections."

There is nothing whatever in this act which makes the exemption of Sec. 58–13a–17 requiring more than one grain of codeine to one fluid ounce of medicinal preparation, applicable to transactions under all other sections of the act. The express terms of Sec. 58–13a–17 makes this provision applicable only to acts of administering, dispensing or selling at retail medicinal preparations. So we conclude that the requirement of more than a grain of codeine to one fluid ounce of the medicinal preparation is only applicable to cases where the medicinal preparation is administered, dispensed, or sold at retail and does not apply to the obtaining of a narcotic drug by fraud or misrepresentation.

■ Thus the failure of the State to supply the information demanded was immaterial in this case. Judgment affirmed.

HENRIOD, McDONOUGH, CALLISTER and CROCKETT, JJ., concur.