MICHAEL *v.* MAXWELL, WARDEN.

(No. 7196—Decided December 4, 1962.)

*Mr. Robert L. Michael, in propria persona.*
*Mr. Mark McElroy,* attorney general, *Mr. John J. Connors, Jr.,* and *Mr. James Rattan,* for respondent.

*Per Curiam.* Robert L. Michael, petitioner, instituted an action in habeas corpus in this court against E. L. Maxwell, Warden, respondent herein, seeking his release from the Ohio Penitentiary upon the ground that he is illegally deprived of his liberty, upon a number of grounds, only two of which need to be considered here, namely, that the act of which he was found guilty is not made a crime by statute, and that the indictment is invalid.

The indictment against Michael charged that on January 3, 1962, in Montgomery County, Ohio, he ''did obtain more than one preparation of an exempted narcotic, to-wit: preparations of paregoric, which contained in excess of two (2) grains of opium within forty-eight (48) consecutive hours; contrary to the form of statute,'' etc.

From the return filed on behalf of respondent, it appears that Michael on May 29, 1962, entered a plea of guilty ''to the offense of unlawfully obtaining exempt narcotics'' and he was sentenced to from two to five years imprisonment in the Ohio Penitentiary and fined $2,000 and costs.

On behalf of Michael, reliance is placed on the decision of

this court in the case of *Folenius* v. *Sacks, Warden,* No. 6788, rendered on November 28, 1961, which case is now on appeal.

We observe one important distinction between the case now before the court and the facts in the *Folenius case, supra,* as follows:

The indictment in the *Folenius case* charged that on March 3, 1960, Folenius ''did unlawfully obtain more than one preparation, exempt under Section 3719.15, Revised Code of Ohio, to wit: paregoric within forty-eight (48) consecutive hours,'' whereas in the case before us at this time the indictment charged that on March 3, 1962, Michael ''did obtain more than one preparation of an exempt narcotic, to wit: preparations of paregoric, *which contained in excess of two (2) grains of opium within forty-eight (48) consecutive hours;* * * *.''  (Emphasis added.)

In the course of the opinion in the *Folenius case, supra,* there appears the following:

''In the opinion by Wiseman, J., in the case of *Folenius* v. *Eckle,* 109 Ohio App., 152, the court judicially noticed the Pharmacopeia of the United States (15th Revision) on p. 479, where paregoric is defined as camphorated opium tincture and the court stated that it contains 1.82 grains of opium in each fluid ounce.''

It is noted that Section 3719.15, Revised Code, as amended in 129 Ohio Laws, 1798, so far as here applicable, exempts preparations containing ''not more than two grains of opium,'' whereas the indictment in the case of Michael specifically charged ''preparations of paregoric, which contain in excess of two grains of opium.''

The cases are clearly distinguishable and, in our opinion, the relief asked for must be denied and the petitioner remanded to the custody of the Warden of the Ohio Penitentiary.

*Petitioner remanded to custody.*

BRYANT and DUFFY, JJ., concur.
DUFFEY, P. J., concurs in the judgment.