The People of the State of Illinois, Defendant in Error, v. Graydon Bowlby, Alias Patrick Bowlby, Plaintiff in Error.

### Gen. No. 10,551.

Fourth District.

September 8, 1964.

---

Harvey B. Stephens of Springfield, for plaintiff in error.

William G. Clark, Attorney General, of Springfield (Raymond L. Terrell, State's Attorney, Fred G. Leach and E. Michael O'Brien, Assistant Attorneys General, and C. Joseph Cavanagh, Assistant State's Attorney, of counsel), for defendant in error.

SPIVEY, J.
Plaintiff in error, Graydon Bowlby, in the Circuit Court of Sangamon County was adjudged by a jury to be guilty of a violation of Section 37 of the Uniform Narcotic Drug Act. (Ill Rev Stats, c 38, § 22–39.) He was sentenced to the penitentiary for a period of not less than one year nor more than three years.

The cause was transferred to this court by the Supreme Court of Illinois, which thus indicated that no substantial constitutional question is involved.

On this writ of error he contends that the indictment is fatally defective, that the trial court erred in instructing the jury and ruling on the admissibility of certain evidence, and that the evidence did not establish his guilt beyond a reasonable doubt.

The indictment in three counts respectively charged that the plaintiff in error on December 6, 1961, in Sangamon County, Illinois, "unlawfully, feloniously, wilfully, and knowingly obtained a certain narcotic drug, to wit: Cosanyl, by using a false address"; "unlawfully, feloniously, wilfully, and knowingly obtained a certain narcotic drug, to wit: Cosanyl, by fraud, deceit, misrepresentation, and subterfuge"; and "unlawfully, feloniously, wilfully, and knowingly obtained a certain narcotic drug, to wit: Cosanyl, by the concealment of a material fact."

In addition, the plaintiff in error was afforded a bill of particulars detailing the location and name of the drugstore from which he obtained the Cosanyl, the agent from whom he obtained the same, that the drug was obtained by him, Graydon Bowlby, and that the alleged false address as stated in the Exempt Narcotic Book was 222 West Allen.

Pertinent provisions of the Uniform Narcotic Drug Act necessary to this decision follow.

Section 12 of the Act (Ill Rev Stats c 38, § 22–12) provides in part as follows: *"Except as otherwise in this Act specifically provided* this Act shall not apply to the following cases: (1) Prescribing, administering, dispensing, or selling at retail of any medicinal preparation that contains in one fluid ounce, or if a solid or semisolid preparation, in one avoirdupois ounce . . . (c) Not more than one grain of codeine or any of its salts, and not more than one of the drugs named above in clauses (a), (b) and (c)." (Emphasis supplied.)

Section 37 of the Uniform Narcotic Drug Act (Ill Rev Stats c 38, § 22–39), in part reads as follows: "(1) No person shall obtain or attempt to obtain a narcotic drug . . . (a) By fraud, deceit, misrepresentation, or subterfuge; or . . . (c) By the concealment of a ma-

54

terial fact; or (d) By the use of a false name or the giving of a false address. . . . (7) The provisions of this Section *shall apply* to all transactions of Section 12 of this Act, in the same way as they apply to transactions under all other Sections." (Emphasis supplied.)

In alleging that the indictment is fatally defective, plaintiff in error contends that he was not fully apprised of the nature of the charge. He states that the allegations of the indictment are inconsistent in that he is charged with obtaining Cosanyl, which he contends is not a narcotic drug, and at the same time he is charged with obtaining a narcotic drug.

In support of this contention principal reliance is placed upon two Ohio Appellate Court decisions, namely, Folenius v. Eckle, 109 Ohio App 152, 164 NE2d 185.

The indictments in both Ohio cases are identical, charging that the defendant "did unlawfully obtain a narcotic drug, to wit: paregoric, a tincture of opium, by the giving of a false name, contrary to Section 3719.17 of the Revised Code of Ohio. . . ." The court in each instance found from the evidence that paregoric was a medicinal preparation excepted from the provisions of the Act by Section 3719.15 (which provisions are similar to Section 12 of the Uniform Narcotic Drug Act (Ill Rev Stats c 38, § 22–12)), and therefore was not a narcotic drug under Section 3719.17 of the Revised Code of Ohio.

The courts in those cases stated that Section 3719.15 of the Revised Code of Ohio made it a criminal offense to procure a narcotic drug by the use of a false name. The comparable section of the Uniform Narcotic Drug Act is found in Section 37 of the Illinois Act (Ill Rev Stats c 38, § 22–39), which section not only makes it unlawful so to obtain a narcotic drug, but by Subsection 7 thereof *also* makes it unlawful

55

so to obtain or attempt to obtain the exempt medicinal preparations referred to under Section 12 of the Illinois Act (Ill Rev Stats c 38, § 22–12).

The Supreme Court of Illinois in People v. Williams, 23 Ill2d 549, 179 NE2d 639 (1962), had for consideration a case wherein the defendant was convicted of the crime of unlawful possession of narcotic drugs.

The evidence in that case, as to one of the alleged drugs, tended to show that it was a medicinal preparation exempt from the provisions of the then Act, Ill Rev Stats 1957, c 38, § 192.28–12, which is the comparable forerunner to Section 12 of the present Uniform Narcotic Drug Act (Ill Rev Stats c 38, § 22–12).

The Supreme Court in reversing the conviction must necessarily have found, while not so stating, that medicinal preparations exempt from the operation of the Act except as otherwise provided therein, though *containing* a narcotic drug, are not considered narcotic drugs under Section 12 of the Uniform Narcotic Drug Act (Ill Rev Stats c 38, § 22–12).

We conclude that the Section 37 prohibitions expressly dealing with narcotic drugs are extended in scope by Subsection 7 thereof to encompass the otherwise exempt medicinal preparations of Section 12, and that the obtaining of or attempting to obtain an exempt medicinal preparation by the means specified in Section 37 of the Act (Ill Rev Stats c 38, § 22–39) is an indictable offense.

In summing up the standards required of an indictment it was said in People v. Howard, 41 Ill App2d 128, 132, 133, 190 NE2d 3 (1963):

"The Illinois Constitution provides that in all criminal prosecutions the accused shall have the right to demand the nature and cause of the accusation against him. (Const, Art 2, Sec 9.) The purpose of this provision is to secure to the accused such specific designation of the offense charged against him as will enable him to fully prepare for his defense, and to plead the

judgment in bar of a subsequent prosecution for the same offense. People v. Peters, 10 Ill2d 577, 141 NE2d 9; People v. Barnes, 314 Ill 140, 145 NE 391; and People v. Covitz, 262 Ill 514, 104 NE 887. . . . It is the general rule that an indictment or an information which states the offense in the language of the statute is sufficient in those cases where the statute clearly defines the offense. Gallagher v. People, 211 Ill 158, 71 NE 842."

In 42 CJS, Indictments and Informations, Section 104, it is said, "A general expression may be restricted and confined to a precise and definite fact by a description under a videlicet or scilicet."

The Supreme Court in People v. Wilson, 24 Ill2d 598, 601, 182 NE2d 683 (1962), had this to say in this regard, " 'The precise and legal use of a videlicet in every species of pleading is to enable the pleader to isolate, to distinguish and to fix with certainty that, which before, was general, and which, without such explanation, might with equal propriety have been applied to different objects.' (People v. Shaver, 367 Ill 339, 11 NE2d 400.)"

█ As a general rule, immaterial and unnecessary allegations in an indictment which might be omitted entirely without affecting the charge against the prisoner may be considered as surplusage and disregarded.

In People v. Taranto, 2 Ill2d 476, 482, 119 NE2d 221 (1954), it was said: "The rule is well established that every material allegation in the indictment must be proved beyond a reasonable doubt before the defendant can be legally convicted. (People v. Cohen, 352 Ill 380, 382, 185 NE 608.) It is also clear, we think, that an immaterial allegation need not be so proved. An averment is material when it is essential to the crime or cause of action and cannot be stricken from the indictment or complaint without leaving it insufficient."

The Supreme Court said in Durham v. People, 5 Ill 172, 174 (1843): "Whenever a description or averment can be stricken out, without affecting the charge against the prisoner, and without vitiating the indictment, it may on the trial be treated as surplusage, and rejected. [Citing cases.]"

We conclude that the word "narcotic" in the indictment may well be treated as surplusage and yet inform the defendant of the offense charged against him which might subsequently be pleaded in bar upon a prosecution for the same offense, namely, that he had obtained a medicinal preparation amounting to a dangerous drug (though not considered a narcotic drug as such under Section 12 of the Act) by using a false address or by fraud, deceit, misrepresentation and subterfuge prohibited by Section 37(7) of the Uniform Narcotic Drug Act.

We are further of the opinion that the indictment, treated in this manner and tested by the aforesaid rules, is sufficient.

Plaintiff in error's contention that he has not been proven guilty beyond a reasonable doubt is without merit.

We have examined the report of proceedings and find that the evidence, without any objections thereto, conclusively shows that on December 6, 1961, plaintiff in error did not reside at 222 West Allen Street and had not resided there for almost a month, that the records of the Thrifty Drug Store located at the corner of Fifth and Monroe Streets in Springfield, Illinois, show that "P. Bowlby" on that date had purchased a four ounce bottle of Cosanyl (an exempt transaction under Section 12 of the Uniform Narcotic Drug Act) and gave his address as 222 West Allen Street, that the signature of "P. Bowlby" was in the handwriting of the plaintiff in error, and that plaintiff in error had used the name of "Pat Bowlby" when purchasing Cosanyl on other occasions.

Plaintiff in error complains of the giving of certain of the People's instructions.

■ People's instruction number 16 states as follows: "The court instructs the jury that one who knowingly purchases or obtains Cosanyl by the use of a false address is guilty of the crime of obtaining narcotic drugs by fraud or deceit."

In view of our finding that Cosanyl is not a narcotic drug under Section 12 of the Uniform Narcotic Drug Act we find that the giving of this instruction was prejudicial. It instructs upon an improper theory of the case, placing upon the plaintiff in error a degree of stigma greater than should be visited upon one who obtains an exempt medicinal preparation even though the manner of purchase is improper.

People's instruction number 1, to the effect that the People are not required to prove the guilt beyond the possibility of a doubt, is the age-old attempt to define reasonable doubt. While this instruction has been held not to be prejudicial error, yet it has been criticized many times. (People v. Malmenato, 14 Ill2d 52, 150 NE2d 806 (1958).)

We find no error in the giving of People's instructions numbers 4 and 6.

■ The plaintiff in error complains of the court's refusal to give his tendered instruction number 6. This instruction was among seven other instructions tendered by plaintiff in error incorporating the require-ment that the defendant be found guilty beyond a reasonable doubt. Two of plaintiff in error's instruc-tions on reasonable doubt were given and the court properly excluded plaintiff in error's tendered instruc-tion number 6.

■ Plaintiff in error complains of the court's ac-tion in allowing him to be questioned as to whether or not he was an "addict." Whether or not the plain-tiff in error was an addict is not a material matter in the instant case. It has been said that under the

Uniform Narcotic Drug Act (Ill Rev Stats c 38, § 22–1, et seq.), addiction to the use of narcotic drugs is not an offense. (People v. Davis, 27 Ill2d 57, 188 NE2d (1963)).

In our judgment any reference to narcotic drug addiction was prejudicial to the plaintiff in error.

■ Plaintiff in error's objection to the admission of testimony introduced on behalf of the People to the effect that he refused to make a statement after his arrest has not been properly preserved for review. The record discloses that in the first instance there was no objection to the question, and in the second instance said fact was disclosed on cross-examination by plaintiff in error's counsel.

In our judgment the giving of People's prejudicial instruction number 16 and the improper questioning of plaintiff in error as to addiction deprived the plaintiff in error of a fair and impartial trial.

For these reasons it will be necessary to afford the plaintiff in error a new trial and this cause will be reversed and remanded to the Circuit Court of Sangamon County with directions to grant the plaintiff in error a new trial.

Reversed and remanded for a new trial.

CROW, P. J. and SMITH, J., concur.