**People of the State of Illinois, Plaintiff-Appellee, v. Johnnie Weaver, Impleaded, Defendant-Appellant.**

**Gen. No. 10,690.**

Fourth District.

April 12, 1966.

J. Waldo Ackerman, of Springfield, for appellant.

Raymond L. Terrell, State's Attorney, and Robert T. Lawley, Assistant State's Attorney, of Springfield, for appellee.

TRAPP, P. J.

The defendant appeals from the sentence imposed following the verdict of a jury finding him guilty on counts of an indictment charging robbery, battery and theft, respectively. The brief and arguments are directed to the giving of certain instructions tendered in behalf of the prosecution and to the sufficiency of the indictment.

▮ The trial court gave an instruction that if the jury found that any witness wilfully and corruptly testified falsely to any fact material to the issue, then they had the right to disregard the testimony of the witness, except insofar as corroborated by other credible evidence. It is contended that the instructions given by the court failed to define the material elements of the offenses and hence must be deemed in error under the rule of People v. DeMarios, 401 Ill 146, 81 NE2d 464. The cited case holds that such instruction is erroneous if there is a failure to define the facts material to the issue, but that it is not reversible error to give the instruction where other given instructions define the essential elements of the crime with which the defendant was charged. It appears, from the Abstract, that the court instructed the jury in the language of the statute as to the elements of each offense charged, and that, in addition to such instructions, the court also instructed the jury as to the allegations of the respective counts of the indictment, each of which charged one of the offenses for which convicted. It appears, therefore, that the material elements were before the jury and that there is no reversible error in the giving of this instruction.

▮ Defendant urges that the giving of three instructions, each of which states the allegation of a count of the indictment, is reversible error in that each such in-

242

struction could be interpreted by the jury as a statement by the trial court that the defendant committed the acts alleged in the respective counts if the jury substituted the word "because" for the words "in that they" contained in the instruction, or if the jury should see fit to deem the words "in that they" were synonymous with the word "because." The Abstract, however, clearly shows that the court instructed the jury that all of the instructions given by the court were to be considered in their entirety and as a series of instructions; and the court further instructed the jury in appropriate language that neither the giving of the instructions nor anything said by the court during the course of the trial were to be deemed by the jury as an expression of the court's opinion as to guilt or innocence of the defendant; and finally, the given instructions expressly state that the indictment, or the counts thereof, are not to be considered by the jury either as evidence of guilt or as the basis for a presumption of guilt. Under such circumstances, there is no reversible error apparent.

The defendant objects to an instruction in the following language:

> "The Court instructs the jury that a person is responsible for conduct which is an element of an offense if the conduct is either that of the person himself, or that of another and he is legally accountable for such conduct."

It is urged that the instruction is abstract and is incomplete in that it does not set out the conduct mentioned in § 5-2 of the Criminal Code (c 38, § 5-2, Ill Rev Stats). The Abstract, however, discloses that the series of given instructions include an instruction in the language of § 5-2, although such instruction does not appear in a sequence with the quoted instruction. It appears to us that considering the instruction as a series, the jury was

adequately instructed and that there is no basis for finding reversible error.

The defendant urges that since he was indicted as a principal, it was error for the court to give an instruction which defined an accessory. The citations to the Abstract contained in the argument are not clear and the precise reference intended cannot be ascertained. It appears to be the substance of the argument that since Art 5 of the Criminal Code of 1961 contains no explicit expression that an accessory may be punished as a principal, there is a distinction and change from the former Criminal statute which provided that an accessory before the fact might be indicted as a principal so that there could be no objection to an instruction stating his responsibility as an accessory.

The prosecution points out that the evidence raised the issue of whether the defendant was an accessory and a review of the record discloses no reason to question such premise. The Committee comments to Art 5, Criminal Code, 1961, state that § 5-2 sets out the circumstances in which a person is legally accountable for the conduct of another (Chap 38, § 5-2, S-H Anno Stats, 1961), and the comment continues to state that § 5-2(c) is a comprehensive statement of liability which includes those situations that at common law, involved the liability of persons in the second degree and accessories before the fact. In People v. Jordan, 303 Ill 316, 135 NE 729, it was held that the giving of an instruction defining an accessory before the fact was proper where the evidence tended to show that one of two defendants committed an assault while the other took the money from the person of the party assaulted. In People v. Finch, 394 Ill 183, 68 NE2d 283, a contention was made, as here, that since the defendants were found guilty under the evidence as principals, an instruction concerning accessories was erroneous. The court stated that though the

244

instruction might be inappropriate, it did not harm the defendant and did not furnish a basis for reversal of the judgment.

■■■■ Defendant contends that it was error to give an instruction in the following language:

> "The Court instructs the jury that while you should not convict each defendant on the possibility that he is guilty, neither should you acquit him on the ground that it is possible that he is innocent, if the evidence in the case establishes his guilt beyond a reasonable doubt. The law does not require the prosecution to introduce sufficient evidence to convince you of the guilt of the defendant beyond a possibility of a doubt."

No authority has been cited by the defendant. This instruction has frequently been criticized as attempting to define reasonable doubt in both positive and negative terms, whereas the courts currently hold that "reasonable doubt" needs no elaboration, and that such an instruction should not be given. People v. Malmenato, 14 Ill2d 52, 150 NE2d 806; People v. Bowlby, 51 Ill App2d 51, 201 NE2d 136. The defendant's given instructions include the presumption of innocence and an instruction which, in substance, directed the jury that it must believe from all the evidence and beyond a reasonable doubt that the facts are inconsistent with innocence, and that if two conclusions can reasonably be drawn from the evidence, one of innocence and one of guilt, they should adopt the conclusion of innocence and return a verdict of not guilty. By reason of the full instruction of the jury by the court, it does not appear that the jury were misled and we believe that there was no reversible error.

Defendant's objections to the sufficiency of the indictment are now controlled by the decision of the Supreme Court in People v. Blanchett, 33 Ill2d 527, 212 NE2d 97.

The judgment and sentence of the trial court are affirmed.

Affirmed.

SMITH and CRAVEN, JJ., concur.