STATE OF NEBRASKA, APPELLEE, v. JOHN WATKINS GOODWIN, JR., APPELLANT.

150 N. W. 2d 135

Filed April 14, 1967. No. 36396.

Shrout, Hanley, Nestle & Caporale, for appellant.

Clarence A. H. Meyer, Attorney General, and Calvin E. Robinson, for appellee.

Heard before WHITE, C. J., CARTER, SPENCER, BOSLAUGH, SMITH, McCOWN, and NEWTON, JJ.

SMITH, J.

Defendant was convicted of attempting to obtain a narcotic drug, Robitussin A. C. containing codeine, by misrepresentation. The question is whether an exemption of certain medicinal preparations is applicable to the statute under which he was convicted.

Robitussin A. C. is a commercial cough syrup which may be purchased without a prescription, but the transaction must be recorded. The evidence is undisputed that an ounce of syrup contained less than one grain of codeine phosphate.

The Narcotic Drug Act provides in part: "Except as otherwise specifically provided therein, this act shall not apply to the following cases: Administering, dispensing, or selling at retail of any medicinal preparation that contains in one fluid ounce * * * not more than one grain of codeine or any of its salts * * *. The exemption authorized by this section shall be subject to the following conditions: * * * (2) that * * * (the) preparation shall be administered, dispensed, and sold in good faith as a medicine, and not for the purpose of evading the provisions of this act." § 28-458, R. R. S. 1943.

"(1) No person shall * * * attempt to obtain a narcotic drug * * * (a) by * * * misrepresentation * * *. * * *

"(7) The provisions of this section shall apply to all transactions relating to narcotic drugs under the provisions of section 28-458, in the same way as they apply to transactions under all other sections." § 28-467, R. R. S. 1943.

Read literally or otherwise, the statutory language does not except transferees of the medicinal preparations from the penal section. See, People v. Bowlby, 51 Ill. App. 2d 51, 201 N. E. 2d 136; Merritt v. State, 245 Ind. 362, 198 N. E. 2d 867; State v. Sanchez, 13 Utah 2d 307, 373 P. 2d 695; but see, Stone v. Sacks (Ohio App.) 191 N. E. 2d 185; Folenius v. Eckle, 109 Ohio App. 152, 164 N. E. 2d 458. Considering the purposes of the Nar-

cotic Drug Act, we should not associate the fraudulent buyer with the good-faith seller under the exemption provision. The case of defendant is no different. The exemption being inapplicable, the judgment is affirmed.

AFFIRMED.