LILES, Chief Judge.
Appellant has filed this appeal from an order denying him relief under Criminal Procedure Rule No-. 1, F.S.A. ch. 924 Appendix.
Samuel Johnson, defendant, was charged by information with felonious possession of firearms, in violation of Section 790.23,. Fla.Stats., F.S.A., having been previously convicted on two charges of a felony in 1948 by the-same circuit court. Judgment was entered on a plea of guilty and defendant was sentenced to imprisonment for a term of six months to five years.
Following the judgment and sentence the defendant through his attorney moved to withdraw the guilty plea, enter a plea of not guilty and proceed to trial on the issues. In support of his motion to withdraw his guilty plea the defendant alleged that the guilty plea had been entered under misapprehension of law; and that the prior conviction in 1948 was void because at that time defendant was indigent, unable to employ private counsel, not advised of his right to court appointed counsel, and had not knowingly and intelligently waived his right thereto. After denial of the motion defendant moved to vacate judgment and sentence pursuant to Criminal Procedure Rule No. 1. A hearing was had and the trial judge denied the motion on authority of Sardinia v. State, Fla. 1964, 168 So.2d 674.
The law is well settled in this state that the courts will look with favor on the right of the defendant to withdraw a guilty plea where good cause is shown. Roberts v. State, Fla.App. 1962, 142 So.2d 152. Section 909.13, Fla.Stats., F.S.A., clearly affords the trial judge the authority to allow a withdrawal of a guilty plea following conviction and sentence. However, this authority is discretionary, and we cannot in this instance say the trial judge abused his discretion.
The broader question then resolves itself around Criminal Procedure Rule No. 1 and *38 its intent and function in our judicial system. It will be remembered that the defendant had previously been convicted in 1948 of a felony for which he had already completed serving his sentence, and this petition went to the present sentence which also is a felony. To maintain the position that Criminal Procedure Rule No. 1 can only test the instant conviction is to unduly restrict the intended application of the rule. The Supreme Court in Johnson v. State, Fla.1966, 184 So.2d 161, 164, revised 185 So.2d 466, said:
“In order to achieve the intent and spirit of Criminal Procedure Rule No. 1, * * we simply conclude that the operative limitation on the applicability of Rule No. 1 should be and is that in order to have his motion considered a petitioner need only show that he will be entitled to release from custody if his motion is granted. Although this means that a movant under the rule must necessarily attack the sentence under which he is then serving, it also means that he may simultaneously attack other sentences entered by the same cotirt which are to be served consecutively, if he would be entitled to be released from custody in the event he prevailed on the motion.” (Emphasis added.)
In the revised opinion, Johnson v. State, supra, at page 467 the court stated:
“ * * * On March 14, 1961, petitioner was released on parole from the sentences imposed on December 3, 1958. While on parole, petitioner committed the crimes for which he received the eleven judgments and sentences entered on January 9, 1963. Following these later convictions his parole from the first convictions was revoked ‘effective upon expiration of’ the sentences awarded on January 9, 1963 * * * Under this arrangement, the petitioner must serve the later sentences before he commences to serve the unsatisfied remainder of the earlier ones.
“Under the rule adopted in our Revised Opinion in this cause, the petitioner is entitled to attack the judgments and sentences entered on December 3, 1958, as well as those entered on January 9, 1963. The earlier sentences were entered by the same court as those now being served and are to be served consecutively to them. If he were to prevail in his attack on all these sentences he would be entitled to release, subject to retrial if such be ordered by the trial court.”
Thus, it becomes apparent that the key phrase in Rule 1 is the right to be released from custody. In the instant case, the defendant is in custody as a result of the felonious possession of firearms in violation of Section 790.23, Fla.Stats., and he is attacking that custody. He would not be in custody had he not been previously convicted of a felony, and he may collaterally attack this conviction as though it were a successive sentence since he is presently in custody. We do not believe that this construction of the intended applicability of the Rule will open the door to anyone not in custody. We feel our construction is consistent with the intent of Criminal Procedure Rule No. 1 as well as 28 U.S.C. § 2255 (1964), from which our Rule 1 was derived.
We are not unmindful of the fact that a convicted felon could be encouraged by this opinion to commit a criminal act, to-wit: felonious possession of firearms, in order to have his prior conviction reviewed under Criminal Procedure Rule No. 1. However, this seems to be a remote possibility, and we cannot be guided by what might be.
In view of our opinion, the 1948 charge must be proven pursuant to the procedure enunciated in State v. Dixon, Fla.App.1966, 193 So.2d 62.
The judgment is vacated and the cause remanded for disposition consistent with this opinion.
PIERCE and HOBSON, JJ., concur.