McCAIN, Judge.
Defendant, John W. Keesee, appeals a judgment of guilty and sentence for the crime of “Obtaining Central Nervous System Stimulant by Fraud.” We reverse.
Defendant was charged by an information captioned “OBTAINING CENTRAL NERVOUS SYSTEM STIMULANT BY FRAUD” under F.S.A. § 404.02(8). The body of the information, however, alleged that defendant had obtained “a narcotic drug, to-wit: ‘Terpin Hydrate and Codiene [sic] Elixir N.F.’ * * * by fraud.” Defendant entered a plea of guilty but subsequently asked to be allowed to withdraw his plea of guilty and substitute a plea of not guilty because he had purchased the narcotic in a lawful quantity. The trial court consulted F.S.A. ch. 404, denied his request, adjudicated him guilty of the crime listed in the caption of the information and imposed sentence. Defendant’s position on appeal is that the trial judge abused his discretion by disallowing his request.
The drug named in the body of the information is a narcotic whose sale and use are regulated by the provisions of F.S.A. ch. 398, the Uniform Narcotic Drug Law, F.S.A. § 398.02(11) and (13) (a). The Florida Barbiturate Law contained in F.S.A. ch. 404 is specifically inapplicable to narcotics. F. S.A. § 404.01(1). Terpin hydrate and codeine elixir N.F. is not a central nervous system stimulant as defined in F.S.A. § 404.-01(2).
Thus the information in this case purported to charge one crime in the caption but actually charged another crime in the body. Normally in such a situation the improper designation of the crime in the caption may be rejected as surplusage, and the crime charged is that alleged in the body of the information. Lewis v. State, 1944, *927 154 Fla. 825, 19 So.2d 199; 17 Fla.Jur., Indictments and Informations, § 35. But here neither the trial court nor the defendant considered the technical distinction between a narcotic and a central nervous system stimulant. The record reveals that the entire case was mistakenly treated as falling under the barbiturate law in chapter 404. When the improper designation of the crime in the caption is rejected as surplusage the offense actually charged is obtaining narcotics by fraud under F.S.A. § 398.19. As a consequence of the improperly drawn information and the court’s error, the defendant was convicted of obtaining a central nervous system stimulant by fraud, a crime he neither was charged with nor committed. The resultant judgment is patently erroneous and must be reversed, notwithstanding the general similarity of the offense actually charged in the information and the one for which defendant stands convicted. Perkins v. Mayo, Fla. 1957, 92 So.2d 641; Lewis v. State, supra. “[0]ne cannot plead guilty to one offense and be adjudged guilty and sentenced for another.” Perkins v. Mayo, supra, at p. 643.
 The next question is whether on remand the defendant’s plea of guilty to the narcotics violation actually charged in the information should be allowed to stand and a proper judgment entered thereon, or should he be permitted to withdraw his plea and plead not guilty. Here, the mistake in not perceiving the crime charged is apparent. When a plea of guilty is entered by mistake or under a misapprehension, a defendant should be able to withdraw his plea. Canada v. State, 1940, 144 Fla. 633, 198 So. 220. Courts look with favor on the right of a defendant to withdraw a guilty plea where good cause is shown. Johnson v. State, Fla.App.1967, 203 So.2d 36; Roberts v. State, Fla.App.1962, 142 So.2d 152. Accordingly, the trial court should permit the defendant to withdraw his guilty plea and enter one of not guilty to the crime of obtaining narcotics by fraud.
A final contention of defendant is that the information failed to charge any crime.at-'alk.because..he purchased a lawful quantity of narcotic as excepted by the Uniform Narcotic Drug Act, F.S.A. § 398.09. Defendant’s contention is without merit for two reasons. First, F.S.A. § 398.20 provides that any information under the chapter need not negative any exceptions, and the burden of proving an exception rests on the defendant. Second, and more compelling, is the fact that the exceptions for lawful quantities described in F.S.A. § 398.09 have no application to obtaining narcotics by fraud. The act specifically provides that obtaining narcotics by fraud shall be a crime even where the act of selling is legal because the narcotic is of such quantity as to be excepted by F.S.A. § 398.09. F.S.A. § 398.19(6). This has been the holding in other jurisdictions that have adopted the uniform act. See, e. g., Merritt v. State, 1964, 245 Ind. 362, 198 N.E.2d 867; State v. Sanchez, 1962, 13 Utah 2d 307, 373 P.2d 695.
For the reasons stated above the judgment is reversed and remanded with directions to permit the defendant to withdraw his plea of guilty if he so chooses.
WALDEN, C. J., and REED, J., concur.