STATE OF NEBRASKA, APPELLEE, V. JAMES BUDDY DANIELS, APPELLANT.

211 N. W. 2d 127

Filed October 12, 1973. No. 38779.

Duane L. Nelson, for appellant.

Clarence A. H. Meyer, Attorney General, and Chauncey C. Sheldon, for appellee.

Heard before WHITE, C. J., SPENCER, BOSLAUGH, SMITH, McCOWN, NEWTON, and CLINTON, JJ.

SMITH, J.

On a criminal charge of unlawful possession of Robitussin A-C, a narcotic medicinal preparation, James Daniels was found guilty and placed on probation. Afterward he pleaded guilty to another charge of unlawful possession of Robitussin A-C and violation of the probation. The District Court sentenced him to imprisonment, and he appeals.

This opinion considers (1) sufficiency of the evidence

of the first offense, shown at Doc. 80, No. 91, (2) the inquiry by the court into the facts of the charge shown at Doc. 85, No. 369, and to which Daniels pleaded guilty, (3) the status of a plea bargain, and (4) the wisdom of review of the fact or duration of the sentence in Doc. 85, No. 369.

The court in the case at Doc. 80, No. 91, found Daniels guilty on the charge of unlawful possession on March 1, 1970, and placed him on probation for 2 years. The prosecution subsequently charged him with violation of probation and in the case at Doc. 85, No. 369, with possession of Robitussin A-C on July 20, 1972, in violation of section 28-4,125(3), R. S. Supp., 1972. The District Court sentenced Daniels to imprisonment for 2 years in each case, the sentences to run concurrently. The offense in the second case is punishable by (1) imprisonment for not less than 1 nor more than 2 years, (2) a fine of not more than $500, (3) imprisonment in county jail for a term of not more than 6 months, or (4) both such fine and imprisonment. § 28-4,125(3), R. S. Supp., 1972.

At the trial of the case at Doc. 80, No. 91, the parties stipulated the facts as follows. On March 1, 1970, Daniels with knowledge possessed 23 cases of Robitussin A-C, one case containing 8 16-ounce bottles and each of the other cases containing 24 4-ounce bottles. An ingredient of a fluid ounce of the Robitussin A-C was codeine phosphate in a quantity of less than one grain.

Some statutory provisions relating to the above alleged offense were repealed in 1971. See Laws 1971, L.B. 326, § 31. Under them it was unlawful for a person to possess any narcotic drug, except as authorized in the act. § 28-452, R. S. Supp., 1969. Except as otherwise specifically provided, the act did not apply to cases of administering, dispensing, or selling at retail any medicinal preparation that contained not more than one grain of codeine or any of its salts or derivatives in one fluid ounce. Conditions attached to the exemption were

limited to preparations administered, dispensed, or sold in good faith as a medicine. The provision did not refer to possession of a medicinal preparation, and it expressly left the kind and quantity unlimited upon compliance with the general provisions of the act. § 28-458, R. S. Supp., 1969. Exempted preparations were to be recorded. § 28-459, R. R. S. 1943. A provision prohibited a person from obtaining the exempt preparations by fraud or certain other means. § 28-467, R. R. S. 1943; State v. Goodwin, 181 Neb. 616, 150 N. W. 2d 135 (1967).

In the tangle of statutory provisions, the evidence is sufficient to bring Daniels within the literal language of former section 28-452, R. S. Supp., 1969, which prohibited possession except as authorized in the act. However, the omission from the exemption which did not include possession unrelated to acquisition by fraud or other means under section 28-467, R. R. S. 1943, was an obvious oversight. Cf. People v. Williams, 23 Ill. 2d 549, 179 N. E. 2d 639 (1962). We may and do supply this inadvertent omission, which is not subject to the requirement that "the burden of proof of any . . . exception . . . or exemption . . . " be on the defendant. Former § 28-468, R. R. S. 1943.

Under the stipulation of facts the conviction of Daniels in the case at Doc. 80, No. 91, was erroneous and that information should have been dismissed.

On the second topic, the inquiry by the court into the facts of possession of Robitussin A-C on July 20, 1972, in the case at Doc. 85, No. 369, was general. Daniels, defense counsel, and the prosecutor stated that the evidence was sufficient. Presence or absence of a presentence report prior to sentencing is not shown.

In determining whether a factual basis for a plea of guilty exists, a court is not required to interrogate the defendant. Inquiry of the prosecutor or examination of the presentence report is an alternative. State v. Leger, *ante* p. 352, 208 N. W. 2d 276 (1973) (Boslaugh, J., concurring); State v. Le Gear, 187 Neb. 763, 193 N.

W. 2d 763 (1972). The inquiry by the court in the case at Doc. 85, No. 369, was adequate.

The parties had entered into a plea bargain as follows: ". . . if . . . Daniels would plead to the violation of probation and plead to a felony charge, which arose out of an arrest on July 20, 1972, that a later arrest which occurred last week . . . around August 23 (1972) . . ., that the felony charge arising out of that latest arrest would be dismissed, so there are three charges involved and . . . Daniels would plead to the first two in time and that we would dismiss the third." The circumstances relating to the arrest on August 23 are not shown.

Daniels attacks the plea bargain, but we conclude that he cannot withdraw his plea as a matter of right. Daniels is, however, given leave to move the District Court to withdraw the plea. The applicable standard relating to withdrawal of a plea of guilty is as follows: In the absence of a showing that a withdrawal is necessary to correct a manifest injustice, a defendant may not withdraw his plea of guilty or nolo contendere as a matter of right once the plea of guilty or nolo contendere has been accepted by the court. Before sentence the court in its discretion may allow the defendant to withdraw his plea for any fair and just reason unless the prosecution has been substantially prejudiced by reliance upon the defendant's plea. Cf. State v. Turner, 186 Neb. 424, 183 N. W. 2d 763 (1971). See, ABA Standards Relating to Pleas of Guilty, Approved Draft, 1968, § 2.1, p. 52, and Proposed Revisions, 1968, § 2.1, p. 3. Under the circumstances, the District Court in the case at Doc. 85, No. 369, must at least hold a hearing for probation or resentence, provided that the plea of guilty is not withdrawn.

The judgment in the case at Doc. 80, No. 91, is reversed and the cause remanded with directions to dismiss the information. The judgment in the case at Doc. 85,

No. 369, is reversed and the cause remanded for further proceedings in accordance with this opinion.

REVERSED AND REMANDED WITH DIRECTIONS.