STATE OF NEBRASKA, APPELLEE, V. LONNIE ST. CLAIR, APPELLANT.

233 N. W. 2d 780

Filed October 9, 1975. No. 40038.

William H. Sherwood, for appellant.

Paul L. Douglas, Attorney General, and Steven C. Smith, for appellee.

Heard before WHITE, C. J., SPENCER, BOSLAUGH, McCOWN, NEWTON, and CLINTON, JJ., and KUNS, Retired District Judge.

NEWTON, J.

The defendant was charged with breaking and entering with intent to commit kidnapping, assault and battery, and kidnapping. On entering a plea of guilty to the first two charges, the kidnapping charge was dismissed in conformity with a plea bargain. He received a sentence of 2 years for breaking and entering and 6 months for assault. The sentences were to run concurrently. We affirm the judgment of the District Court.

The defendant was separated from his wife and a divorce had been decreed but was not final. His statement to the probation officer appearing in the presentence report verifies the charges made in the information. He broke and entered his wife's home, forcibly removed his wife and child, drove them a considerable distance in his automobile, had sexual relations with

his wife, and finally returned them. He assigns two errors, that he was not guilty of breaking and entering and that the sentence is excessive.

Defendant insists he had no intent to and could not kidnap his wife and that consequently he was not guilty of breaking and entering with the intent to commit a felony. The Nebraska statute on kidnapping, section 28-417, R. S. Supp., 1974, refers to "any person" and does not exclude a wife or former wife as a victim. In the present instance the parties were separated and a decree of divorce had been entered. Under such circumstances any right of control by a husband over his wife's actions has been terminated along with most other marital rights.

In regard to a factual basis for the plea, it is observed that the defendant informed the court at the time he plead guilty that he did break and enter the home of his former wife. The court also, at the time of pronouncing sentence, had before it the report of the presentence investigation revealing defendant's admission of breaking and entering and forcibly removing his former wife. "In determining whether a factual basis for a plea of guilty exists, a court is not required to interrogate the defendant. Inquiry of the prosecutor or examination of the presentence report is an alternative." State v. Daniels, 190 Neb. 602, 211 N. W. 2d 127.

The sentence imposed is not excessive. It is in essence a 1 to 2 year sentence. The defendant was at all times represented by counsel and the 2 year sentence was recommended by the county attorney pursuant to a plea bargain.

The judgment of the District Court is affirmed.

AFFIRMED.